GEORGE BARKER et al., Respondents, v. WILLIAM D. WHITE et al., Appellants.

Where an interlocutory judgment or decree directs a reference and an accounting, and a party appears before the referee and presents claims, supports the same by proof and contests the claims of the opposing party, he does not thereby waive his right to move for a new trial or to appeal to this court from an order denying one. The party is not bound to abstain from taking such steps as will protect his interests and secure the most favorable final judgment, in case the decision on the merits is sustained, under the penalty of forfeiting his right to seek a review of the main questions in the case.

*Bennett* v. *Van Syckel* (18 N. Y., 481) and *Knapp* v. *Brown* (45 id., 207) distinguished.

Certain persons formed a voluntary association, executing written articles in and by which they agreed to unite to raise $12,000, in shares of $200 each, the same to be used in the purchase and for the improvement of a tract of land, the title thereof to be vested in W., one of their number, subject, however, to the control of the board of directors; W. to execute leases and conveyances thereof and to transfer his office as custodian when required, upon being indemnified against expenses and liabilities. The land was purchased and W. took a title in fee thereof. In an action against his heirs at law and administrators for a settlement of the affairs of the association and for an accounting for the rents and profits, *held*, that W. held title to the property for the benefit and as the property of the association, and upon his death the holders of shares in the association had the right to enforce their equitable interests as against the heirs of W., to whom the legal title had apparently descended; that as no rights were involved but those of the parties and their successors in interest, it was immaterial whether the estate of W. could be technically denominated an estate in trust, or whether his obligations were regarded as resting in contract.

Also, *held*, that oral declarations of W. as to the nature of his interest in the property, although not competent for the purpose of proving a trust, were admissible under the plea of the statute of limitations, as it would not begin to run until the trustee in some manner repudiated the trust.

*It seems*, that a trustee who denies the trust and claims in hostility thereto cannot invoke the rule allowing a trustee six months for investment of trust funds, but is properly chargeable with interest thereon from the time of their receipt.

(Argued April 30, 1874; decided September 22, 1874.)

THE nature of the action and of the questions presented and the necessary facts are stated in the opinion.

*Wm. D. White* for the appellants. Plaintiffs' claim is barred by the statute of limitations. (*Roberts* v. *Sykes*, 30 Barb., 178; 1 Keyes, 141, 159; Story Eq. Jur., § 1521 *a;* *Schroeppell* v. *Cornney*, 2 Seld., 107; *Bloodwood* v. *Brown*, 4 id., 362; *Borst* v. *Corey*, 15 N. Y., 505; *Bruce* v. *Tilson*, 25 id., 194.) There was no trust expressed in the deed to Squire White, nor any recognized by the statute in the articles, nor any corporation as required by law. (*Ring* v.

*McCoud*, 10 N. Y., 268; 3 Seld., 564; 1 R. S., 729, §§ 60, 62; 8 Paige, 222; 10 id., 563; 8 Pet., 83, 88; 2 Comst., 586; 3 id., 525; *Boynton* v. *Hoyt*, 1 Den., 57; 9 Barb., 519; *Downey* v. *Marshall*, 23 N. Y., 368, 379; 21 id., 574; 3 Sandf. Ch., 504; 30 N. Y., 188, 194; 27 Barb., 407.)

*Amasa J. Parker* for the respondents. There was a full, definite and complete trust acknowledged by Squire White. (Story Eq. Jur., § 964; *Seymour* v. *Freer*, 8 Wall., 213; Hill on Trusts, [marg. pages] 55–64; Last ed., 86–96; 2 R. S., 135, § 7; *Wright* v. *Doug*, 3 Seld., 564; *Gomez* v. *Tradesmen Bk.*, 4 Sandf., 102; *Steere* v. *Steere*, 5 J. Ch., 1; *Foster* v. *Hall*, 3 Ves., 696; *F. R. Whaling Co.* v. *Borden*, 10 Cush., 472.) The action is not barred by the statute of limitations. (Hill on Trustees, [marg. page] 264; *Seymour* v. *Freer*, 8 Wall., 218.)

RAPALLO, J. This is an appeal from an order of the General Term of the Supreme Court in the fourth judicial department, denying a motion for a new trial on exceptions to the report of a referee.

Only a portion of the defendants appeal. Those appealing are William D. White, Devillo A. White, George H. White and Ellen D. Quilting, formerly Ellen D. Morgan.

A motion is made on the part of the respondents for an order precluding the appellants William D. White and Devillo A. White from prosecuting this appeal, on the ground that they have elected to abide by the interlocutory decree entered upon the referee's report, and made claims and received benefits under it. This motion has, by our order, been argued in conjunction with the appeal. The only other appellants, Geo. H. White and Ellen D. Quilting, have consented in writing to the affirmance of the order appealed from or the dismissal of the appeal, as the respondents may elect; the appellants William D. and Devillo A. White are consequently the only parties whose rights it is now necessary to consider.

The action was brought in May, 1857, by certain share-holders in a voluntary association, formed in 1835, under written articles, for the purchase, on speculation, of lands in Chautauqua county, against the heirs and personal represen-tatives of Squire White, deceased, who was alleged in the complaint to have been one of the associates, and to have held the title to the lands in trust for the association, and who died in April, 1857, nominally seized of the fee of the land. The relief sought was the dissolution of the association and settlement of its affairs, the sale of the land and distribution of the proceeds among the persons entitled, and that the defend-ants George H. White and Devillo A. White, as administra-tors, etc., of Squire White, account for the rents and profits received by him in his lifetime.

The defendants William D. White and Devillo A. White, by their answer, claimed that Squire White and Chauncey Tucker had contracted for the purchase of the land in ques-tion, before the making of the articles of association, and had paid the whole consideration, amounting to $6,384, and that the land was conveyed to Squire White in September, 1835, by deeds, in fee, and not in trust, and that he from that time became sole owner in fee, and held undisturbed possession for more than twenty years, and until his death in 1857; and they set up such title and possession in bar of the plaintiffs' claim.

They also claimed that this action was barred by the stat-ute of limitations.

The action was brought to trial in July, 1870, before James M. Smith, Esq., of Buffalo, as referee; and after hearing evi-dence on both sides the referee made his report, dated May 16, 1871. The findings of fact are amply sufficient to estab-lish that Squire White became an associate or partner with the parties represented by the plaintiffs, in the speculation of purchasing, improving and selling these lands, and that he took and held the title thereto for the benefit of such associa-tion; and that prior to 1839 he had received from the share-holders and on sales effected by him for the association, more

than the original cost of the lands; and that after that date he received rents, amounting, over and above taxes and other payments, to $750. That after his death, in 1857, and since the commencement of this action, his administrators have continued to receive the rents of the property, amounting to a considerable sum, with which they are charged by the referee. None of the findings of fact are excepted to, and therefore no question arises in this court as to the sufficiency of the evidence to sustain them.

The referee held, as a conclusion of law, that the association was a copartnership, of which Squire White and his associates, under the articles of association, were members; that the land in question was, in equity, the property of the association, and that upon the death of Squire White the legal title to the land descended to the defendants as his heirs at law, subject to a trust for the benefit of the association. He therefore directed judgment that the association be dissolved and its affairs settled and assets disposed of and the proceeds distributed under the direction of the court; and that to that end a referee should be appointed to whom the defendants should convey the unsold portion of the land; and that the defendants George H. White and Devillo A. White should, as administrators of Squire White, in the due course of their administration, and out of the assets of the intestate, pay to the said referee the $750 due from Squire White, for surplus rents, with interest at six per cent; and that said George H. White and Devillo A. White, respectively, pay to the referee the sums received by them since the death of Squire White, for the rents of the lands. That the referee should ascertain whether the association owed any debts, and the amount thereof, and to whom payable; and also the names of all the associates and the amount of capital contributed by each and the extent of the interest of each. Publication of the necessary notices was directed, and a public sale of the land ordered, and distribution according to the several interests of the parties.

An interlocutory judgment or decree was entered on the 24th of June, 1871, in conformity with this report. In the mean time, by order dated the 13th of June, 1871, Orson W. Stiles had been appointed referee to execute the decree, and his name was therefore inserted therein. The proceedings of W. D. White and Devillo A. White before this referee are the foundation of the respondents' claim that those appellants have precluded themselves from prosecuting the present appeal.

The voluminous manuscript affidavits presented on the part of the respondents on the motion show, in substance, that immediately after the entry of the interlocutory decree, dated June 24, 1871, an appeal was taken therefrom to the General Term, by the defendants William D. White and Devillo A. White; that this appeal was dismissed on the ground that the decree was not final, and that decision was afterward affirmed by this court. These proceedings ended in 1873. In the mean time, the appellants made a motion for a new trial on a case and exceptions, which motion was denied by the General Term, by order dated October 21, 1873, being the order from which the present appeal is taken. But the proceedings before O. W. Stiles, as referee, had in the mean time been progressing. In December, 1871, De-villo A. White filed with the referee claims against the association, in behalf of himself and George H. White, for services in taking care of the property, from 1857 to 1871; and also, as administrator of Squire White, a claim for his services as president and agent of the association from 1835 to 1857. On the hearing before the referee, which did not begin until August 2, 1873, William D. White appeared personally and as attorney for D. A. White, and presented these claims with others, again, in a more elaborate form. They were all rejected. William D. White also claimed certain shares in the association, which were allowed to him; and he objected to the allowance of some of the shares claimed by the plaintiff Barker, and the claim was withdrawn. He also offered proof in support of the claims of Devillo A. White,

personally and as administrator, against the association, for services.

We are of opinion that these acts did not operate as a waiver of the right of either Devillo A. or W. D. White, to move for a new trial or to appeal from the order denying one. While the proceedings in the cause were progressing, these defendants had the right to take such steps as would protect their interests as far as might be, and secure the most favorable final decree in case the decision of the referee against them on the merits should be sustained. They were not bound to let the opportunity pass to put in their claims against the fund, in accordance with the interlocutory decree, under the penalty of forfeiting the right which the law awarded them, of seeking a review of the main questions in the case. The authorities which have been cited to show that one who enforces a right conferred upon him by a judgment or order cannot, at the same time, prosecute an appeal from it, do not sustain this motion. The leading case on the subject, *Bennett* v. *Van Syckel* (18 N. Y., 481), shows clearly the principle upon which it and all the cognate ones depend. There the defendant had been adjudged to hold in trust an estate for years, which he had taken in his own name and claimed in his own right, and the decree provided for indemnifying him against his personal covenants contained in the lease, and for refunding to him rent and taxes which he had paid; and to this end the judgment required the plaintiff to pay into court the amount of the rent and taxes, and to file a bond of indemnity against the covenants. The defendant made application to the court and obtained an order for the payment to him of a portion of these moneys, and also, by leave of the court, brought an action on the bond of indemnity. These acts were held to be a waiver of his right to appeal from the judgment. He had enforced those provisions of the judgment which were in his favor, and this course was clearly inconsistent with the right to prosecute an appeal which, if successful, must result in the reversal of the entire judgment. In the case now before us no such thing has

been done. The appellants, while denying the right of the plaintiffs to a sale of the land, and claiming to hold it as heirs at law of their father, have, simply, in an interlocutory proceeding, sought to establish claims which they desire allowed to them in the final decree, should the right of the plaintiffs be ultimately sustained; and also to prove offsets against the claims for rents and profits allowed against the administrators of their father's estate. This they had the right to do without abandoning their defence upon the main questions in controversy. Had any of the claims of the appellants been allowed, and had the decree authorized the enforcement of them against the plaintiffs personally, or against any fund paid into court by them under the decree, then, if the appellants had enforced their claims under the decree, the case would have fallen within the principle upon which *Bennett* v. *Van Syckel* was decided. The case of *Knapp* v. *Brown* (45 N. Y., 207) carries out the same principle. There the appellant had issued an execution and collected money under the very judgment from which he appealed. But it is evident that nothing of the kind has occurred in this case.

The motion as against the appellants W. D. White and Devillo A. White must be denied, with ten dollars costs.

This result renders it necessary to examine the questions which arise upon the appeal from the order denying a new trial.

These are necessarily confined to the exceptions which were taken at the trial, and those which were filed to the report of the referee. The questions of fact are not here open to review. At the General Term the Supreme Court had power to grant a new trial upon the facts; but this court exercises no such power, even in equity cases. Where the judgment is affirmed at General Term, this court will not look into the question whether the findings of fact are sustained by evidence, except in the single case where some material finding of fact is excepted to as unsupported by any evidence; and then, if found on examination to be unsup-

ported by any evidence, the finding is treated as an error of
law.   That case is of rare occurrence.   But a finding of fact
not excepted to is never made the ground of reversal in
this court.

There is no exception, in the present case, to any of the
findings of fact; they must therefore be assumed to be cor-
rect.   They fully sustain the conclusions, that Squire White
held the land in controversy for the benefit and as the prop-
erty of the partnership or 'association of which he was a
member, and that on his death the holders of shares in the
association had the right to enforce their equitable interests
as against the heirs of White, to whom the legal title had
apparently descended.   Whether, under the provisions of the
Revised Statutes, the estate of Squire White should be tech-
nically denominated an estate in trust, or whether his obliga-
tions should be regarded as resting in contract, is, under the
circumstances of the case, quite immaterial.   No rights are
involved in this litigation except those of the immediate
parties and their successors in interest.

The substance of the transaction is, briefly, that a large
number of persons, in the year 1835, when speculation in real
estate was rampant, agreed to unite in the purchase of a
tract of land in the county of Chautauqua, and lay out a vil-
lage.   They entered into a written agreement, which they
called a constitution, by which it was agreed that the title to
the land should be vested in Squire White, subject however
to the control of a majority of the board of directors; that
$12,000 should be raised, by shares of $200 each, to pay for
and improve the land; and that improvements should be
made and the lots sold and conveyed, or leased, under the
direction of the board of directors, who were to have power
to direct the person holding the title to the land to execute
leases and conveyances, and to transfer his office as custodian
of the property, when required, on being indemnified against
expenses or liabilities he might have incurred.   The share-
holders were to participate, in proportion to their subscrip-
tions, in the anticipated benefits.   It is specifically alleged in

the complaint, that Squire White, the father of the appellants, signed and executed those articles and thereby acknowledged the trust therein set forth.  This allegation is not denied in the answer of W. D. and Devillo A. White. The referee finds that, before 1839, Squire White had received from subscriptions and proceeds of sales of lots, more than the original purchase-money of the property; and his conduct during the residue of his life, as evidenced by written instruments and oral declarations, shows clearly that he recognized the rights of his associates up to the time of his death ; and it does not appear that he ever claimed to hold the land for his own individual benefit, or in hostility to the parties whom he represented.  After his death his sons undertook to claim the land as his heirs at law, discharged of any trust; and the two appellants who continue the present litigation seek to maintain their claims as heirs at law, and failing in that, to have large sums allowed to the estate of their father, for his services in managing the property and for the services of one of them as administrator of the father for continuing such management after his death.  These claims have been disallowed, and hence the present appeal.  Numerous exceptions were taken at the trial, and to the conclusions of the referee.  We have examined all of them, but do not deem it necessary to discuss them in detail.  The exceptions taken at the trial related principally to the admission by the referee of proof of oral declarations of Squire White, and written documents executed by him, tending to show that he held the land as trustee and not in his own right.  The oral declarations, though not competent for the purpose of proving a trust, were admissible on the question of the statute of limitations; for this would not begin to run until the trustee in some manner repudiated the trust.  So long as he continued to recognize and act under it, he could acquire no title by adverse possession ; nor would the parties interested be barred of their right to an account by failing to bring an action.  The documentary evidence, with the exception of exhibit nine, was clearly admissible on all grounds.  We enter-

tain grave doubts whether the objection made to the admission of this exhibit was not well founded; but in view of the case presented by the pleadings and of the facts established by uncontroverted evidence and conceded by the appellants, we do not think that its admission, even if erroneous, could have affected the result of the trial. We therefore think that the admission of this item of evidence, even though erroneous, did not afford sufficient ground for granting a new trial.

We find no other exception to the admission of evidence which calls for a new trial.

The main exception to the conclusion of the referee is that which goes to the merits of the whole case, and rests upon the proposition that no valid trust in Squire White was shown. This has already been sufficiently considered.

The exception to charging D. A. White, as one of the administrators, with interest on rents collected by him, is answered by the suggestion that he is charged with interest at the rate of six per cent only; which amounts to less than he might have been charged with had the usual period of six months been allowed to him for investment of each sum received. Furthermore, having denied the trust and claimed in hostility thereto, the rule applicable to trustees cannot be invoked by him.

We do not find that the referee has erred in any essential particular in the disposition which he has made of the case, and therefore have come to the conclusion that the order denying a new trial should be affirmed, with costs against the appellants W. D. and D. A. White.

The plaintiffs' motion is denied, with ten dollars costs, and the order appealed from affirmed, with costs against the appellants W. D. and D. A. White.

All concur.

Ordered accordingly.