EDWARD J. KELSEY, Respondent, v. JAMES SARGENT, Appellant.

*Court of Appeals, January 25, 1887.*

Affirming same case, 41 Hun, 637, Mem.; 3 N. Y. St. Rep. 477.

1. *Judgment. Interlocutory.*—A judgment entered at special term, which makes a reference necessary, is not final, but interlocutory.
2. *Appeal. Order.*—Where an appeal is taken to the general term from an interlocutory judgment, and a motion for a new trial is made at this court as authorized by section 1001 of the Code, and an order is entered affirming the judgment and denying the motion, the portion of the order which denies the new trial is reviewable on appeal to the court of appeals, but no appeal lies from the part of the order which affirms the judgment.
3. *Same. Motion to dismiss.*—Where an appeal in such case is taken from the whole order, a motion to dismiss the whole appeal, and not the erroneous part only, should be denied, and the respondent be required to pay costs.

Motion to dismiss an appeal.

*Theodore Bacon,* for the motion.

*J. & Q. Van Voorhis,* opposed.

PER CURIAM.—The judgment rendered at special term made a reference necessary, therefore it was not final, but interlocutory. Barker v. White, 58 N. Y. 204.

An appeal, however, was taken to the general term, and upon exceptions the defendant also moved that court for a new trial under section 1001 of the Code. The judgment was affirmed and the motion for a new trial denied. One order embraced both decisions, and from the whole of that order the defendant appealed.

So far as the appeal affects the order denying a new trial, it was well taken (§ 190, subd. 2; Raynor *v.* Raynor, 94 N. Y. 248, 251), and as the motion to dismiss relates to the whole appeal, and not a part only, it should be denied, and as the plaintiff asks for too much, he should pay costs.

Motion denied, with $10 costs.

All concur.