In the Matter of the Application of the NEW YORK, LACK-AWANNA & WESTERN RAILWAY COMPANY, Appellant, to Acquire Lands of HARRIET A. BENNETT, *et al.*, Respondents.

*Court of Appeals, March 17, 1891.*

Reversing 59 Hun, 615, mem.

1. *Appeal.   Waiver.*—A stipulation, made by the appellant for the purpose of removing an obstacle in the way of the respondent's proceeding with the motion, is not a waiver of an appeal from the order made thereon.
2. *Same.*—The right to appeal from an order appointing commissioners of appraisal is not waived by appearing, pending the appeal, before the commissioners and cross-examining witnesses.
3. *Motions and orders.   Waiver.*—A party has no standing to insist upon the benefit of an order which, by a judgment procured by him, has been declared to be void.

Appeal from judgment of supreme court, general term,

fifth department, dismissing appeal on the ground that the appellants accepted a substantial concession made as a condition for obtaining the order appealed from.

*John G. Milburn,* for appellants.

*Spencer Clinton,* for respondents.

ANDREWS, J.—The motion of the respondents for the appointment of new commissioners of appraisal was based upon and assumed the validity of the order of July 11, 1888. But intermediate the making of that order and the giving notice of the motion the respondents had obtained a judgment of the superior court of Buffalo adjudging that the order was a nullity, which judgment was in force when notice of the motion was given. It is manifest that the existence of this judgment was an unanswerable defense to the motion.

The respondents had no standing to insist upon the benefit of an order which by a judgment procured by them, and upon which so far as appears they relied, had been declared to be void. This point was presented to the court by the appellant upon the preliminary hearing of the motion as an answer thereto. Thereupon the respondents stipulated that the judgment should be amended by striking out the provision therein declaring the order of July 11, 1888, to be a nullity, and also a provision based on that adjudication. This stipulation was given as a condition of the hearing of the motion, and, having been assented to by both sides, the hearing proceeded and resulted in the granting of the motion and an order appointing new commissioners. From this last order the railroad company appealed to the general term, and upon motion there made by the respondents the court dismissed the appeal on the ground that the appellant had obtained an advantage by the stipulation referred to which precluded it from appealing from the order. This appeal is from the order of dismissal.

We are unable to perceive any just basis for the action of the general term. The stipulation was made to remove an obstacle in the way of the respondents, which, unless removed, would necessarily defeat their motion. It was made for their benefit and in aid of their own purposes. The appellants objected to the hearing of the motion, as they had a right to do, until this bar was taken out of the way. The respondents could have abandoned the motion and rested upon the judgment if they had chosen so to do. They could not retain the judgment and at the same time avail themselves of a right under an order which that judgment annulled. The advantage which accrued to the appellants from the modification of the judgment was incidental.

The respondents could not attain their purpose without giving the stipulation, and the effect of the stipulation of necessity relieved the appellants from those provisions in the judgment covered by the stipulation. The rule that a party cannot appeal from an order under which he has accepted a benefit has, we think, no application. The stipulation preceded the making of the order, and was a preliminary step to enable the respondents to have a hearing of the motion on the merits. They elected to abandon the judgment in their own interest and not in that of the appellants. The point that the appellant has foreclosed its right of appeal by appearing before the commissioners pending the appeal from the order and cross-examining witnesses, is not well taken. This was a reasonable precaution in view of the contingency of the affirmance of the order. The appellant might have applied for a stay of proceedings, but it was not bound to do so. Barker v. White, 58 N. Y. 204.

We think the order dismissing the appeal should be reversed, and the matter be remitted to the supreme court, to hear and determine the appeal from the order on the merits.

All concur.