The burden is on the plaintiff to show by a preponderance of proof that "Raimon" does or intends to do in these premises a business similar to that above mentioned. I have read the numerous affidavits presented. What transpired between these parties, prior to the execution of this lease, as to inducements offered and the peculiar value of the location is irrelevant and should be disregarded. The case must be decided upon the covenants agreed on. The affidavits submitted by the plaintiff as to the character of its said business and that of "Raimon" are met by many others in flat contradiction. I am unable to say which set of affidavits correctly states the truth on this subject. It is well settled that no injunction should be granted where the court is not indubitably satisfied of the facts claimed for its issuance, particularly in a case like this, where not only "Raimon" will be deprived of a selected place to do business, but also the owner will be prevented from securing a large amount of rent. A trial of this action can be had in the early fall. If the plaintiff shall then succeed in showing that the business of "Raimon" is obnoxious to the covenant in plaintiff's lease with Korn, the lease to "Raimon" will be annulled. But I do not feel justified in continuing this sweeping injunction in the face of such a radical dispute as to the descriptive facts upon which it is sought.

Motion denied, with $10 costs. Settle order upon notice.

---

(121 App. Div. 198)

### HAYES v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANT—DISOBEDIENCE OF ORDERS.

Where the engineer and conductor of a train on which decedent was fireman received orders to pass a certain other train on a specified siding, and those in charge of decedent's train saw a locomotive thereon, and, taking it for granted that it was the locomotive of the other train, ran by and collided with the other train just beyond the siding, no recovery could be had for the death of decedent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 493–514.]

Exceptions from Trial Term, Dutchess County.

Action by Eunice M. Hayes, as the administratrix of the estate of Louis Hayes, deceased, against the New York, New Haven & Hartford Railroad Company. On exceptions ordered to be heard at the Appellate Division in the first instance, the ruling directing a verdict for defendant sustained.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Daniel P. Hays and Samuel M. Levy, for plaintiff.
Walter C. Anthony, for defendant.

JENKS, J. The plaintiff's intestate was killed when a fireman in one of defendant's locomotive engines, that was hauling a freight train, on April 27, 1905, at about 11 o'clock p. m. At the place of the ac-

cident the road was of a single track, with here and there side tracks called "sidings." A short distance west of Stormville station was a siding called "Stormville Long Siding." Before the train started eastward from a station three or four miles west of Stormville, an order had been given to the engineer and conductor of the train to meet a west-bound freight train known as "Extra 439" at Stormville long siding. The regulations of the defendant required extra 439 to take this siding and to leave the track clear for the train on which the intestate was at work. Extras were designated by the engine number, and this number, "Extra 439," referred to the engine number. This was commonly understood. When the train of the intestate approached the siding, those in charge of the train saw a locomotive engine detached at rest on the siding. They assumed and took it for granted that it was the locomotive engine of the train known as "Extra 439" which they were to meet there. They continued on their way, passed the siding, and just beyond it their train collided with train extra 439, and the intestate was killed.

At the close of the case the court, in response to motions by the defendant, directed a verdict for the defendant and ordered the exceptions to be heard in this court in the first instance. This disposition was made upon the ground that the proximate cause of the injury was the violation of a direct and specific order. In the language of Mr. Justice Burr, who presided:

"There was a direct and specific order given to the employés of this train to stop at that siding until another particular train, specified and described, had passed there. That order was disobeyed, and that was the disobedience of a fellow servant, for which the defendant is not responsible."

We are of opinion that the learned court made a correct disposition of the case. For aught that appears the collision would have been avoided if the engineer and conductor had obeyed the orders, which were clear, definite, and precise. Obedience to the orders—

"must be intrusted to the employés having charge of the trains. Such obedience is matter of executive detail, which, in the nature of things, no corporation, or any general agent of a corporation, can personally oversee, and as to which employés must be relied upon." Rose v. Boston & Albany R. R. Co., 58 N. Y. 217, 221; Slater v. Jewett, 85 N. Y. 61, 67, 39 Am. Rep. 627.

The rulings are sustained, and the motion for a new trial is denied, with costs. All concur.