(155 App. Div. 395.)

## COHEN v. LAKOW.

(Supreme Court, Appellate Division, Second Department. February 28, 1913.)

1. MASTER AND SERVANT (§ 239*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where an employé with knowledge of the proper use of a machine with which he was working was injured through his failure to place in proper position the guards which were provided for the knives on the machine, he was guilty of contributory negligence as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 749, 750; Dec. Dig. § 239.*]

2. MASTER AND SERVANT (§ 150*)—DANGEROUS MACHINE—DUTY TO INSTRUCT.

Where an employé who is directed to use a dangerous machine does not know of its dangerous character, it is the employer's duty to warn him of the danger and instruct him as to the safe mode of operation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 297, 299–302, 305–307; Dec. Dig. § 150.*]

3. TRIAL (§ 252*)—SUBMISSION OF ISSUES—EVIDENCE TO SUPPORT.

Where, in an employé's action for injuries, there was no evidence that the machine on which he was working was defective or not provided with guards for its knives, it was error to submit to the jury the question of whether the machine was defective or unguarded.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Hirschberg, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Joseph Cohen against Samuel Lakow. From judgment for plaintiff and denial of new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Joseph M. Proskauer, of New York City (Frederick R. Graves, of New York City, on the brief), for appellant.

Meier Steinbrink, of Brooklyn (Frank E. Johnson, Jr., of Brooklyn, on the brief), for respondent.

RICH, J. This appeal is from a judgment in favor of the plaintiff in an action under the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204), and likewise from an order denying defendant's motion for a new trial.

The plaintiff was injured while operating a joiner machine in defendant's factory. The evidence was undoubtedly sufficient to require

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the submission of the question as to whether the defendant was negligent in directing plaintiff to work upon the machine without instructing him as to the method of operating it and of the attendant danger, but there is no proof of any other negligence. The machine was not defective, and its knives were not unguarded.

[1] The guard, however, was movable, and when the machine was not in operation it did not usually cover the knives. The custom and proper practice in using the machine was to place the board in position for planing and, after this was done, to place the guard against the side of the board. When this is done the knives are covered by the guard, and the operator is in no danger of injury, and the plaintiff could not have been injured if he had followed this custom. It is dangerous to attempt to use the machine without having the guard in place, and there is evidence from which the jury might have found that this danger was or ought to have been known to defendant, and his superintending employés.

[2] The plaintiff claims that he was ignorant of the use of the machine, and that he had no knowledge of the danger incident to its use, and if this is so it was the duty of the superintendent directing plaintiff to warn him of the danger and to give the necessary instructions as to the safe mode of operation. Brennan v. Gordon, 118 N. Y. 489, 23 N. E. 810, 8 L. R. A. 818, 16 Am. St. Rep. 775; Gates v. State, 128 N. Y. 221, 28 N. E. 373; Crown v. Orr, 140 N. Y. 450, 35 N. E. 648; Greco v. Pratt Chuck Co., 127 App. Div. 798, 802, 111 N. Y. Supp. 1000. We think, however, that the evidence clearly shows that he knew of the use of the machine and that he was guilty of contributory negligence as matter of law.

[3] There was no defect in the machine, and the judgment must be also reversed because of an error of the learned trial court in submitting to the jury the question as to whether the machine was defective or unguarded. At the close of the plaintiff's case and again at the close of the evidence defendant requested the court to withdraw from the consideration of the jury so much of the alleged cause of action as charged him with furnishing of "a machine with an improper or defective guard—an unsafe guard." This request was denied and an exception taken. The court left it for the jury to say whether the defendant was negligent in (1) furnishing a defective machine, and (2) in his failure to instruct the plaintiff as to its use and the manner of its operation. There was no evidence before the court which would justify the submission of the question as to whether the machine was defective, and the judgment must be reversed upon the ground that there is no evidence of negligence upon the part of defendant, and likewise upon the ground that the plaintiff was guilty of contributory negligence as matter of law.

Judgment and order reversed, and a new trial granted; costs to abide the event.

JENKINS, P. J., and BURR and WOODWARD, JJ., concur. HIRSCHBERG, J., dissents.