HELEN E. COMFORT, Respondent, *v.* ROLAND M. COMFORT, Appellant.

Second Department, October 7, 1929.

*John L. Ketcham*, for the appellant.

*James A. Gray* [*William S. Butler* with him on the brief], for the respondent.

HAGARTY, J.   The plaintiff and defendant were married in the city of Washington on November 11, 1919.   There is one child of the marriage, George Francis Comfort, who was born in Berlin, Germany, on the 11th day of June, 1922.   The plaintiff was born of American parents in Berlin, had lived there all her life and was registered in the American Consulate at Berlin.   At the time of their marriage the defendant was a lieutenant commander in the United States navy.   He is now a commander.   Early in 1921, the defendant was ordered on sea duty for a period of three years, at which time it was arranged that such period would be spent by the plaintiff with her parents in Berlin.   During this period she was visited by her husband, who spent a few days with her on three or four occasions.   At the expiration of this sea duty, it had been arranged that his wife was to join him wherever his assignment on shore should be.   The defendant was assigned to New York in the spring of 1924, when he cabled to his wife to come to New York.   When she reached New York, he met her on board ship and accompanied her, together with the child, then nearly two years of age, to a furnished room in Brooklyn, where he refused

to live with her, informing her that they were separated. He was then living in a hotel in New York. After several visits to the furnished room in which the plaintiff and the child had been placed, and while the defendant was in plaintiff's company, a knock came to the door, the plaintiff opened the door, and the defendant rushed out, while the process server entered and served her with the summons and complaint in an annulment action. In the annulment action the residence of the parties was alleged by the plaintiff in that action to be the State of New York. Judgment in that action resulted in favor of the defendant, the plaintiff in this action, and was affirmed by this court (217 App. Div. 752). The present action was commenced by the plaintiff by the service of a summons and complaint on the 10th day of January, 1925, a little more than a month after the entry of the judgment in her favor in the annulment action, and again the wife prevailed.

The defendant now appeals from the judgment granting plaintiff a separation, awarding her the custody of the infant, and granting her alimony at the rate of fifty dollars per week for the maintenance of herself and child.

I am of the opinion that the prior action brought by this defendant against the plaintiff to annul their marriage on the ground of epilepsy and of disloyalty to the government of the United States, was not only unjustified, but was based upon false and malicious charges. This constituted cruelty, a sufficient basis for sustaining the judgment in this action. Further, the defendant abandoned the plaintiff and his child at the time of the commencement of the annulment action, and the only contribution to their maintenance and support has been under the order and direction of the Supreme Court. It seems obvious to me that the defendant and his family have higher matrimonial ambitions than the plaintiff in this action, from whom he seeks to rid himself. The extent to which the defendant will go to accomplish his purpose is evidenced by the means to which he has resorted. In his petition to the Court of Chancery of the State of New Jersey, in an attempt to secure custody of the child in habeas corpus proceedings, he deliberately and falsely misrepresented to the court that payment of alimony was optional upon his part. He stated under oath to that court, in part, " That on information and belief her [plaintiff's] circum-stances are such that she has no means, resources or income other than alimony *pendente lite* [that awarded by the order of the Supreme Court in this action] paid her by petitioner. That the payment of such alimony is terminable at the option of petitioner on application by him to the courts of New York, by reason of the conduct of his wife as hereinafter set forth in the paragraph next following,

and that petitioner forbears to exercise such option to procure the termination of said alimony only because such course may result in privation to such infant. That for all the foregoing reasons and conduct of said Helen E. Comfort said infant is liable to become a charge upon the municipality." The payment of alimony under such order was not terminable at the option of the petitioner. The infant could not be deprived of support and made a public charge at the mere whim of the defendant. The Supreme Court enforces its orders in contempt proceedings. There is a vast difference between the option to apply for modification of an order granting a wife alimony and compelling a father to support his child, which application may or may not be granted, depending upon the circumstances of the case, and the option of the husband absolutely to terminate support payable under an order of the Supreme Court entered against him.

This attitude upon the part of defendant is quite inconsistent with his own assumed concept of his high office in the United States navy. He states in one of his affidavits: " that defendant owes, among his duties as a Naval officer, the most imperative duty to maintain at all times the dignity and decorum of his rank of Commander, and that such duty will be fulfilled at all costs, and of the requirements of such fulfillment no civil tribunal is qualified to judge."

The present action by the wife was commenced approximately one month after the entry of a judgment in the annulment action in which the husband, the defendant in this action, alleged that his wife was a resident of the State of New York. In this action the plaintiff in her complaint alleged that both parties resided in the State of New York at the time of the commencement of the action and this was admitted by the defendant in his answer, but by an amendment, verified in August of 1928, this allegation was denied. The plaintiff having testified that she resided in the State of New York, the defendant's claim that he was precluded from offering proof upon this issue is without merit. The learned trial court directed that defendant offer such proof upon his defense, if such proof existed. This was optional with the trial court. Defendant, however, did not avail himself of such opportunity, and he cannot now be heard to complain upon this appeal.

There is no merit to defendant's contention that the judgment from which he appeals is erroneous in that it consolidated the proceeding of habeas corpus with the separation action in such form and manner as to discontinue the former. This was done pursuant to stipulation entered into between the attorneys for the parties, as follows: " It is hereby stipulated that the within writ

be referred to Special Term, Part III, *for disposition in connection with separation proceedings Comfort* v. *Comfort there November 19, 1928.*" This amounted to a consolidation, since the separation action necessarily involved the custody and support of the infant. The fact is that the habeas corpus proceeding was tried jointly with the separation action. At the outset of the trial, defendant's attorney stated: " We have consolidated them purely for the purposes of the trial." I do not know for what other reason he could have consolidated them. In any event, if the writ of habeas corpus was not disposed of in the final decree in the separation action, defendant has no appeal here. No separate order was proposed by him or entered, and there is nothing before us upon which to base an appeal.

The intermediate orders which the appellant seeks to review are not reviewable upon this appeal. If the defendant was prejudiced by the court's refusal to dismiss because of the plaintiff's failure to prosecute, or if he was otherwise prejudiced by the intermediate orders, he should have appealed and applied, in a proper case, for a stay of the trial. This was not done and the rights, if any, merged in the trial.

The judgment should be affirmed, with costs, and the appeals from the intermediate orders dismissed.

Present — LAZANSKY, P. J., YOUNG, HAGARTY, SEEGER and CARSWELL, JJ.

Judgment unanimously affirmed, with costs, and appeals from intermediate orders dismissed.