SIDNEY K. JOHNSON, Respondent, *v.* THE INTERNATIONAL HARVESTER COMPANY OF AMERICA (INC.), Appellant.

Third Department, March 15, 1933.

*McCurn & Farnham* [*Donald V. Carr* and *Francis D. McCurn* of counsel], for the appellant.

*Ward N. Truesdell,* for. the respondent.

McNAMEE, J. The plaintiff bought an automobile truck from the defendant pursuant to the terms of a conditional bill of sale, containing warranties against defects, the consideration being certain cash installments paid and to be paid and a Buick coupe delivered. The title to the truck was to remain in the defendant until paid for. Defects developed in the truck, and it was returned more than once to the defendant for repair. A dispute arose between the parties, the plaintiff contending that the truck was still defective, and the defendant contending that the plaintiff was in default in paying certain of the installments. The defendant retook the truck, and on December 6, 1928, served upon the plaintiff notice of repossession and of sale. On December 10, 1928, the plaintiff brought this action and served with the summons a verified complaint, alleging a cause of action in equity, and, among other things,

alleging the contract, breach of warranty on the part of the defendant, the payments made, the expenses incurred by him, a rescission of the contract, and demand for the return of the consideration, two paragraphs of the complaint reading as follows:

" 9. That the plaintiff heretofore has and hereby does rescind said contract and the whole thereof.

" 10. That demand has been duly made for the return of the money paid to the defendant and for the value of said Buick coupe and that the same has not been paid or any part thereof."

An answer to the complaint was interposed.

On motion of the plaintiff, and over the objection of the defendant, an order was made by the Special Term permitting the plaintiff to serve an amended complaint. In the amended complaint the plaintiff alleged the contract between the parties, the performance of the contract on the part of the plaintiff, its breach by the defendant, the retaking and sale of the truck by the defendant, the failure of the defendant to comply with the provisions of the Personal Property Law in such taking and resale, and the consequent damages sustained by him. The action proceeded to judgment on the amended complaint and the answer thereto.

Two questions are presented on the appeal: (a) Whether the order of amendment is such an intermediate order as may be reviewed on appeal in connection with an appeal from the judgment, after the time for a separate appeal from the order has expired, and (b) whether the amendment was properly allowed.

Under section 580 of the Civil Practice Act an appeal may be taken from an intermediate order in connection with the appeal from the judgment, after the time for a separate appeal from the order has expired, when the order " necessarily affects the final judgment." If defendant's position is sound that the order of amendment changed the nature of the cause of action, from one in equity to one at law, the order necessarily affects all the proceedings, and in equity rendered the trial and the judgment abortive. (*Raff* v. *Koster, Bial & Co.*, 38 App. Div. 336, 338; *Peters* v. *Berkeley*, 219 id. 261, 265, 266; *Kalvin* v. *Meyers*, 117 N. Y. Supp. 141; *Fox* v. *Matthiessen*, 155 N. Y. 177, 179.) And the one against whom such an order is made does not waive his right to such a review by going on with the action after the ruling against him. (*Becker* v. *Colonial Life Ins. Co.*, 153 App. Div. 382, 384; *Matter of Whitmore* v. *Village of Tarrytown*, 137 N. Y. 409, 416, 417; *Stokes* v. *Stokes*, 87 Hun, 152, 154, 155.) In our judgment the order appealed from did necessarily affect the judgment, and is before the court for review.

Whether the Special Term was justified in making the order of amendment is dependent upon the fact whether the plaintiff had

elected his remedy when the action was begun. In the original complaint the plaintiff alleged his rescission of the contract, and accordingly took the position that the contract between the parties was at an end. The plaintiff pleaded a good cause of action for rescission both in equity and under the statute (Pers. Prop. Law, § 150). In the amended complaint the defendant relied upon the contract as subsisting between the parties, and seeks to enforce it. These are inconsistent claims. Either there was a contract between the parties, or there was not. The plaintiff was apprised of all the facts before the action was commenced, and when he pleaded a rescission of the contract, and relied upon his equitable rights, he made an election of his remedies, by which he was bound. (*Gravenhorst* v. *Zimmerman*, 236 N. Y. 22, 38; *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 id. 316, 321, 325; *American Woolen Co.* v. *Samuelsohn*, 226 id. 61, 66; *Matter of Garver*, 176 id. 386, 392, 393, 394; *Terry* v. *Munger*, 121 id. 161, 166, 167; *Conrow* v. *Little*, 115 id. 387, 393, 394.)

The order appealed from should be reversed and the motion denied, with ten dollars costs, and the judgment should be reversed, with costs to the defendant.

All concur, except CRAPSER, J., who dissents and votes to affirm, on the authority of *Harriss* v. *Tams* (258 N. Y. 229, 239–241) and *Standard Oil Co.* v. *Hawkins* (74 Fed. 395). RHODES, J., not sitting.

Judgment reversed on the law and facts, and order amending complaint reversed on the law, with costs.

Motion for leave to serve amended complaint denied, with ten dollars costs.