*342
 
 Fboessel, J.
 

 The parties to this litigation were married in 1936. In 1943 a child was born of the marriage. In 1946, while they were still residing together, the wife instituted an action in the Supreme Court, Queens County, for separation, based on charges of cruelty and nonsupport. After a trial, her complaint was dismissed on the merits.
 

 In January, 1948, while the parties were still residing together, and before the judgment of dismissal in the earlier action had been entered, the wife verified the complaint in the present action, which was based on acts occurring since the prior action. The husband denied the charges and alleged that the wife had failed to resume her marital status after the prior complaint had been dismissed. At the same time, the wife also commenced an action to determine title to the property on which the parties resided. At the trial, in June, 1949, after the wife had commenced her testimony, the Trial Justice invited the parties
 
 *343
 
 and counsel into chambers to discuss settlement, which was reached at that time.
 

 In the presence of both parties and counsel, a stipulation embodying the settlement was then read into the record in open court. It provided: ‘ ‘ that the action for a judicial separation
 
 and
 
 the action involving real property are both
 
 hereby discontinued,
 
 without costs to either party.” (Emphasis supplied.)
 

 It was further agreed that the husband would remove himself and his belongings from the premises where the parties resided; that he would pay no counsel fee and no alimony or support for either the wife or the child except that the wife would retain the entire income from the house owned by the parties, in lieu of such alimony or support; that in the event of a sale of the house, the proceeds would be divided equally between the parties; that the wife would keep the house in good repair; that the custody of the child would remain in the wife subject to certain visitation rights of the husband; and that neither of the parties would institute any further actions or criminal proceedings against the other. Shortly thereafter, in compliance with his only affirmative duty under the stipulation, the husband moved out of the house.
 

 In January, 1954, more than four and a half years later, the wife made a motion at Special Term for an order modifying the stipulation to provide for support and maintenance for herself and the child. She alleged that there never was any net income from the house which she could use for support as provided in the stipulation, and that the husband had furnished no other support. The motion was denied without prejudice to the right of the wife to proceed to set aside the stipulation.
 

 In May, 1954 the wife moved for such relief in the discontinued action. An order was entered granting the motion, vacating and setting aside the stipulation and restoring the case to the calendar, the dismissal of the appeal from which forms part of the basis of the present appeal.
 

 The wife thereupon served an amended complaint in the action, to which the husband interposed an amended answer consisting of general denials, a defense and counterclaim of
 
 res
 
 judicata, and demanding judgment dismissing the complaint and awarding custody of the child or rights of visitation. The evidence introduced by the parties was on many points in direct conflict. After the trial, the court found as facts most of the
 
 *344
 
 specific acts of cruelty and nonsupport alleged by the wife, and a judgment of separation was entered which, as modified by the Appellate Division with respect to the amount of support, also forms part of the basis of the present appeal.
 

 The threshold question to be considered is whether the Appellate Division properly dismissed the appeal from the intermediate order of Special Term vacating the stipulation and restoring the case to the calendar. The dismissal is a part of the order of modification, and is also a part of the judgment entered thereon, and thus may be reviewed on this appeal (see
 
 Matter of City of New York [Court House],
 
 216 N. Y. 489, 491-492; Cohen and Karger, Powers of New York Court of Appeals, pp. 110, 221-223, 237-238). The Appellate Division, while agreeing that the order ‘ ‘ would be reviewable under section 580 of the Civil Practice Act ”, concluded that the husband, by proceeding with the trial on the merits and by accepting the benefits of the order, waived his right to appeal.
 

 We do not agree. A party aggrieved by an intermediate order reviewable under section 580 of the Civil Practice Act does not, merely by participating in the proceedings thereafter culminating in final judgment, waive his right to appeal
 
 (Matter of New New York Cent. & H. R. R. R. Co.,
 
 60 N. Y. 112, 116;
 
 Barker
 
 v.
 
 White,
 
 58 N. Y. 204, 210;
 
 Johnson
 
 v.
 
 International Harvester Co.,
 
 237 App. Div. 778, 779, appeal dismissed 263 N. Y. 667;
 
 Becker
 
 v.
 
 Colonial Ins. Co.,
 
 153 App. Div. 382, 384; 8 Carmody-Wait on New York Practice, p. 552; see
 
 Redfield
 
 v.
 
 Critchley,
 
 277 N. Y. 336, 339;
 
 Matter of Whitmore
 
 v.
 
 Village of Tarrytown,
 
 137 N. Y. 409, 416). Under section 580, a party may elect to delay his appeal from an intermediate order until after the final judgment has been entered. In the meantime, he has the right to protect his interest in the proceedings subsequent to the order; he need not stand idly by and allow the entry of a default judgment. This is “ a reasonable precaution in view of the contingency of the affirmance of the order ”
 
 (Matter of New York, L. & W. Ry. Co.,
 
 126 N. Y. 632, 634;
 
 Barker
 
 v.
 
 White,
 
 58 N. Y. 204, 210,
 
 supra).
 
 Any other rule would render the right granted by section 580 meaningless.
 

 The cases relied on by the Appellate Division do not involve orders coming within the terms of this section and are, therefore, inapposite
 
 (Levy
 
 v.
 
 Joseph P. Day, Inc.,
 
 250 App. Div. 452, appeal on constitutional ground dismissed 274 N. Y. 588 [order
 
 *345
 
 granting new trial after a decision for six cents was set aside] ;
 
 Comfort
 
 v.
 
 Comfort,
 
 227 App. Div. 1 [order denying motions to dismiss for failure to prosecute and to correct judgment proeedurally];
 
 Grunberg
 
 v.
 
 Blumenlahl,
 
 66 How. Prac. 62 [direct appeal from City Court order granting new trial on the Judge’s minutes]). Of course, where the intermediate order does not necessarily affect the final determination, an appeal does not lie under section 580. Such were the orders in the
 
 Comfort
 
 case
 
 (supra).
 
 And so, where the court reverses a determination and grants a new trial or hearing
 
 de novo
 
 before the original tribunal, where every question raised in the first trial may be raised in the new trial
 
 (Matter of Daus
 
 v.
 
 Gunderman & Sons,
 
 283 N. Y. 459, 464;
 
 Irwin
 
 v.
 
 Klein,
 
 271 N. Y. 477, 482; Cohen and Karger,
 
 op. cit.,
 
 p. 344).
 

 But this is not such a case. Here there was no granting of a new trial. The action had not been tried but had been formally settled and
 
 discontinued
 
 after only the wife had partially testified. There was nothing left to be tried or retried. The stipulation was entered into in open court, spread in full upon the minutes, and partook of the nature of a contract, which it is urged could not be set aside on a mere motion based on highly conflicting affidavits
 
 (Yonkers Fur Dressing Co.
 
 v.
 
 Royal Ins. Co.,
 
 247 N. Y. 435, 446;
 
 Bond
 
 v.
 
 Bond,
 
 260 App. Div. 781). The power or lack of power in the court to set aside the stipulation
 
 on motion
 
 could not be litigated in the subsequent trial. Moreover, the issues were altogether different. In plaintiff’s original complaint, verified January 22, 1948, she alleged two causes of action: (1) for a separation based on but two acts of cruelty (alleged in four folios); (2) for reimbursement for necessaries. In her amended complaint, verified nearly
 
 seven
 
 years later — on October 19, 1954 — which contained three separate causes of action, (1) she sets forth numerous
 
 additional
 
 acts of cruelty (alleged in 15 folios); (2) in a separate cause she charged defendant with being a sexual deviate, and (3) in the third cause of action she sued for maintenance and support. Thus on this trial he was obliged to litigate issues completely different from those alleged in plaintiff’s original complaint, and which earlier issues had been settled, together with a separate real property action, in consequence of which both actions were
 
 discontinued.
 
 Defendant did not therefore waive his right to review of the order vacating the stipulation “ by going on with the action
 
 *346
 
 after the ruling against him ”, and said order did necessarily affect the judgment before us, and should, therefore, have been reviewed by the Appellate Division
 
 (Johnson
 
 v.
 
 International Harvester Co.,
 
 237 App. Div. 778, 779,
 
 supra).
 

 Of course the general rule that a party who accepts the benefits of a judgment or order waives his right to appeal from it (see
 
 Matter of Silverman [Hoe & Co.],
 
 305 N. Y. 13, 17; Cohen and Karger,
 
 op. cit.,
 
 p. 406) applies to appeals taken under section 580. We can find no evidence in the record, however, to support the conclusion of the Appellate Division that the husband “ accepted the benefit conferred by the order”. It is true that when the stipulation was vacated the husband was, as the Appellate Division points out, “ relieved of the necessity of complying with its provisions ”. But, by removing himself from the house, the husband had already complied with the only affirmative duty imposed upon him by the stipulation. Being relieved of the necessity of complying with the stipulation therefore conferred no immediate benefit upon him. He was relieved of no duty to his wife; quite the contrary, he again became subject to liability for alimony. Moreover, it is doubtful whether the rights which he obtained upon the setting aside of the stipulation to demand one half of the income of the house and to move back into the house, could be deemed as even future or contingent benefits. The wife herself testified that the net income from the house was nonexistent, and the right to move into the house under the existing circumstances hardly appears to have been a beneficial one.
 

 • In any event, the husband never exercised these rights and the mere existence of a right to claim certain benefits, without the acceptance of those benefits, does not result in a waiver of the right to appeal. This is especially true where there has been no change in the other party’s position (Cohen and Karger,
 
 op. cit.,
 
 p. 406). Nor did the husband take advantage of the order vacating the stipulation by attempting to obtain, during the subsequent proceedings, more favorable conditions of separation than had been provided for in the stipulation. In our opinion, therefore, the husband did not waive his right to review the order vacating the stipulation, and the Appellate Division should not have dismissed his appeal from that order.
 

 We pass on no other question.
 

 
 *347
 
 Accordingly, the judgment appealed from should be reversed, and the case remitted to the Appellate Division for a determination of the appeal from the order of Special Term which vacated the stipulation discontinuing and settling the action.
 

 Conway, Ch. J., Dye, Van Voorhis and Burke, JJ., concur with Froessen, J.; Desmond and Fund, JJ., dissent in the following memorandum: The Appellate Division’s dismissal of the appeal from the order of vacatur was correct. In order to determine that defendant waived his right to appeal to the Appellate Division from that order, it was not necessary to weigh the benefits he obtained from the setting aside of the separation agreement. The undisputed fact is that, not only by going to trial, but by treating the settlement as at an end, he acquiesced in reopening the action and litigating the issues anew.
 

 Judgment reversed and matter remitted to the Appellate Division for further proceedings not inconsistent with the opinion herein.