FANNIE J. GOEPEL, Appellant, *v.* KURTZ ACTION COMPANY, Respondent.

Appeal — judgment for money upon one of two causes of action — when party may collect that part of the judgment which is in his favor, and maintain appeal from that part which is against him.

While the general rule is that a party by accepting a benefit under a judgment precludes himself from subsequently appealing therefrom, the right to proceed on a money judgment and enjoy its

fruits is entirely consistent with the right of appeal from the dismissal of the complaint as to what is in substance a separate cause of action.

*Goepel* v. *Kurtz Action Co.*, 158 App. Div. 879, modified.

(Argued October 21, 1915; decided November 30, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 7, 1913, dismissing an appeal from a judgment entered upon a dismissal of the complaint as to part of the relief demanded in the complaint, and upon a verdict in favor of plaintiff upon the issues submitted to the jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert J. Robeson* and *Louis Wendel, Jr.*, for appellant. The plaintiff did not waive her right to appeal from the judgment herein by receiving and accepting payment of the amount awarded by the judgment to which she was entitled absolutely. The plaintiff may appeal for the purpose of increasing the amount of her judgment. (*Clowes* v. *Dickenson*, 8 Cow. 328; *Hayes* v. *Nourse*, 107 N. Y. 579; *Seymour* v. *Spring Forest Cem. Assn.*, 4 App. Div. 359; *New Rochelle Gas & F. Co.* v. *Van Benschoten*, 47 App. Div. 477; *Matter of Raber*, 4 N. Y. S. R. 845; *Monnett* v. *Merz*, 17 N. Y. Supp. 380; *Higbie* v. *Westlake*, 14 N. Y. 281; 4 Nichols Pr. 3666, § 2580; *Mellen* v. *Mellen*, 137 N. Y. 606; *Lindenborn* v. *Vogel*, 131 App. Div. 75; *Klinker* v. *Third Avenue R. R. Co.*, 33 App. Div. 556; *Empire Hardware Co.* v. *Young*, 27 Misc. Rep. 226; *MacEvitt* v. *Maass*, 64 App. Div. 382.)

*John De Witt Warner* for respondent. By enforcing the judgment from which, *in toto*, she had already appealed, and accepting the benefits thereof after this

appeal was taken, appellant waived her right to the further prosecution of such appeal. (*Knapp* v. *Brown*, 45 N. Y. 207; *Carll* v. *Oakley*, 97 N. Y. 633; *Alexander* v. *Alexander*, 104 N. Y. 643; *Graham* v. *Sapery*, 19 Misc. Rep. 690; *Clowes* v. *Dickenson*, 8 Cow. 328; *Seymour* v. *Spring Forest Cem. Assn.*, 4 App. Div. 359; *New Rochelle Gas & F. Co.* v. *Van Benschoten*, 47 App. Div. 477; *Higbie* v. *Westlake*, 14 N. Y. 281; *Mellen* v. *Mellen*, 137 N. Y. 606; *Hayes* v. *Nourse*, 107 N. Y. 577; *Lindenborn* v. *Vogel*, 131 App. Div. 75; *Klinker* v. *Third Ave. R. R. Co.*, 33 App. Div. 556; *Empire Hardware Co.* v. *Young*, 27 Misc. Rep. 226; *MacEvitt* v. *Maass*, 64 App. Div. 382; *Matter of Raber*, 4 N.Y. S. R. 845; *Monnett* v. *Merz*, 17 N. Y. Supp. 380; 4 Nichols Pr. 3666, § 2850.)

POUND, J.   The amended complaint states as a first cause of action that $1,043.05 and interest are due and owing for goods sold and delivered and unpaid for under an agreement between the parties, *and also that by breach of such agreement plaintiff has lost and will lose profits amounting to $2,276.69 ;* and as a second cause of action a balance due on other goods sold amounting to $1,344.46, and interest.   On the trial the complaint *was dismissed as to the loss of profits* claimed in the first cause of action, and the jury found for the plaintiff in the sum of $2,790.33.   Judgment was entered accordingly by the plaintiff, wherein it was separately " adjudged that the complaint as to the first cause of action be and the same hereby is dismissed, *as to the loss of profits claimed*," and the plaintiff appealed to the Appellate Division from said judgment " and from each and every part thereof."

Plaintiff thereafter compelled payment and collected the amount of the judgment.   Defendant then moved to dismiss the appeal on the ground that it had been waived by plaintiff when she collected her judgment, and that she could not at the same time enforce the judgment and appeal from it as erroneous, and the motion was

granted.   Plaintiff now appeals to this court and contends that she was entitled to collect the money judgment in her favor, and at the same time review the judgment *in toto*.   This contention is against precedent and principle.   The general rule has been well stated as follows:

"The issuing of an execution by the appellant upon the judgment rendered in his favor, and the collection of the amount thereof after bringing an appeal therefrom by him, was inconsistent with and a waiver of his right further to prosecute the appeal.   By the former he enforced the judgment as a valid judgment and secured to himself the fruits thereof as such.   By the latter he seeks *wholly* to reverse and annul the judgment for error therein.   These acts, it is obvious, are wholly inconsistent, the one with the other, and upon principle, it is clear that the same party cannot pursue both."   (*Knapp* v. *Brown*, 45 N. Y. 207, 209.)

"It seems to be well settled that a party by accepting a benefit under a judgment precludes himself from subsequently appealing therefrom."   (*Carll* v. *Oakley*, 97 N. Y. 633, 634.)

But the court in these cases is speaking of judgments regarded as a whole, one and inseparable.   It has been further held as to judgments containing separate provisions that where all the provisions are connected and dependent, a party's right of appeal is waived if he enforces the portion favorable to him.   (*Bennett* v. *Van Syckel*, 18 N. Y. 481; *Alexander* v. *Alexander*, 104 N. Y. 643.)

While these authorities undoubtedly state the general rule, this case presents in part an exception thereto for the reason that it is not a case where the plaintiff would, if her appeal were properly limited, reverse the entire judgment after collecting it.   The dismissal of the complaint as to loss of profits is not so closely related to the other provisions of the judgment that on an appeal from that part of the judgment alone it could not be reversed

without a reversal of the whole judgment. The only question remaining after the collection of the money damages is whether the court erred in withdrawing from the jury so much of plaintiff's first cause of action as demands damages for loss of profits. Plaintiff was entitled in any event to the sum collected and her act in demanding and receiving what she was entitled to is not inconsistent with the prosecution of her appeal from the remaining part of the judgment. (*Knapp* v. *Brown, supra.*)

The right to proceed on the money judgment and enjoy its fruits is entirely consistent with the right of appeal from the dismissal of the complaint as to what is in substance a separate cause of action. The notice of appeal included not only the judgment as a whole but each and every part thereof. As the money judgment was collected after appeal, the plaintiff's appeal as to that part of the judgment should have been dismissed, but as to that part only.

The judgment of the Appellate Division so far as it dismisses' that portion of the appeal from the judgment relating to the loss of profits should be reversed and case remitted to the Appellate Division to pass upon said appeal; the judgment of the Appellate Division dismissing the appeal from that portion of the judgment which has been satisfied should be affirmed, without costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN, CARDOZO and SEABURY, JJ., concur.

Judgment accordingly.