JAMES D. HARRIS, for Himself and on Behalf of All Other
Stockholders of the State Bank of Williamson, of William-
son, New York, Appellant, v. WILLIS P. ROGERS and
Others, Respondents, Impleaded with JUDSON F. TRANSUE,
Defendant.

Fourth Department, December 30, 1919.

Banks — representative action by stockholder against directors —
waiver of right to recovery by stockholders other than plaintiff
— when personal judgment in favor of plaintiff equitably
awarded — apportionment of total recovery to reimburse plain-
tiff's personal loss — effect of acceptance by plaintiff of fruits
of personal judgment — estoppel against contention that bank
should receive total recovery — plaintiff not entitled to double
recovery — proof not establishing liability of director — failure to
protest against or compel recovery of unauthorized loans — pur-
chase of stock by plaintiff from directors found to be negligent —
sale subject to existing equities — action against directors not
barred by levy of assessment against stock.

Where after the institution of a representative action by a stockholder
of a bank in behalf of himself and other stockholders against the bank
and the directors individually, to recover damages caused by the neg-
ligence of the directors, the holders of nearly seventy-five per cent of the
bank stock either released their claims against the directors and waived the
benefits of the action, or disclaimed any right to participate in the recovery
by their answers, the recovery of said stockholders in the action abated and,
as some of the stockholders other than the plaintiff were directors whose
negligence was established so that they were precluded from sharing the
recovery of damages awarded, it was proper, it seems, for the court in the
furtherance of equity to provide for a judgment which personally indemni-
fied only the plaintiff and others similarly situated and did not permit a
recovery by the bank itself, or by the other stockholders.

It seems, that the plaintiff was properly given personal judgment for a portion
of the total recovery, which equaled the ratio which the number of shares
held by him bore to the total number of shares issued, and a judgment in
favor of such other stockholders as had not waived their rights in the
action or been guilty of wrongdoing.

Even if the judgment aforesaid were not properly permitted in a representa-
tive action, the judgment should be sustained as against the appeal of the
plaintiff who contends that the judgment should run to the bank for the
full amount of the liability of the defendants instead of to him personally
where, after the judgment in his favor, he has collected the same by
execution and retained the benefits, and has paid over a portion of the
moneys to another stockholder entitled to similar relief.

As the plaintiff has been awarded full personal indemnity in the action and collected all that he would be entitled to collect in any event, he cannot urge on appeal that judgment should be entered against another director whom the court found free from liability, for he is not entitled to a double collection of damages.

Evidence examined, and *held*, that the defendant director who had been held by the court to be free from negligence had not, by his action, increased the loss of the bank above the sum ascertained by the court.

A person who has become a director of a bank after unauthorized loans have been made by the other directors is not necessarily guilty of negligence in not objecting to the renewal of such unauthorized obligations, especially where the State bank examiners have recommended some of them, for the wisdom of such renewals depends upon circumstances as, while in some cases a refusal of renewal might result in a collection, in other cases an enforcement of the obligation might result in an immediate and serious loss, so that an extension might be proper in the hope of obtaining ultimate payment.

Where the plaintiff, in addition to the stock held by him, purchased, considerably below par, stock of directors who were found to be culpably negligent in the management of the bank's affairs, he acquired by such purchase no greater rights than his transferors had, and holds such stock subject to existing equities and hence cannot recover thereon as his transferors could not have done so.

The action aforesaid is not barred by the fact that prior to the commencement thereof the State Banking Department, after ascertaining the impairment of capital and surplus, had levied an assessment against all, which moneys were paid into the bank.

APPEAL by the plaintiff, James D. Harris, for himself and on behalf of all other stockholders of the State Bank of Williamson, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Wayne on the 31st day of December, 1918, and also a motion to dismiss said appeal.

*James M. E. O'Grady*, for the appellant.

*Arthur E. Sutherland, George S. Tinklepaugh, Edson W. Hamn* and *Willis A. Matson*, for the respondents.

LAMBERT, J.:

This is a representative action brought by one of the stockholders, in behalf of himself and other stockholders of the

State Bank of Williamson, of Williamson, N. Y., against the bank and its directors, individually, for damages upon a charge of negligence on the part of the directors in the administration of the affairs of the bank.

The technical requirement of a preliminary demand that the bank bring this action was made. It refused, whereupon this action was brought and the bank was made a party defendant. In form, the action seeks a judgment for the benefit of the bank, with the secondary result of securing damages for the losses sustained by the stockholders.

The judgment awards damages against three of the directors who are respondents in the sum of $109,702.72, and denies relief against the director Willis P. Rogers, who is found not to have been negligent.

The bank had a capitalization of $100,000, divided into 1,000 shares of $100 par value each. Prior to the trial, the owners of 606 shares of the stock executed written releases and assignments, whereby they respectively released all claim against the directors, growing out of the charges of negligence, and waived all benefits which might accrue to them as the result of this action.

The owners of 141 shares of the stock, by the pleadings in the action, disclaimed the right to participate in any recovery, and distinctly attempted to bar all claims upon their part, predicated upon the charges of negligence.

The written assignments and acquittances and the pleadings of the holders of 747 shares of stock were sufficient in form and legal effect to abate a recovery in this action in behalf of the holders of this stock. It is not necessary to determine whether the assignments and acquittances passed such an interest in the damages recoverable that the same might be applied as an offset or counterclaim, as is contended. Any result which would defeat a recovery by the plaintiff in this action of any damages to or adhering to the 747 shares of stock is all that we are concerned with on this appeal.

It has been determined by the judgment rendered that the owners of 218 shares of stock were directors through whose negligent conduct in whole or in part the losses sustained by the bank had arisen, and that, therefore, they were precluded from sharing in the recovery of damages awarded in this

action. This, because equity forbids their profiting by their own wrongful conduct.

The aggregate of the stock holdings of 965 shares, having been precluded from sharing in the recovery authorized, there remain 35 shares out of the 1,000, as the only stock permitted by the trial court to benefit from the judgment rendered.

It was further determined by the trial court that it had power, in furtherance of equity, to render a judgment other than to the bank itself, and in and by such judgment to provide personal indemnification directly to the holders of said 35 shares of stock. The decision of the court below may be summarized by the statement that full and concluding effect was given to the release-assignments of 606 shares and the disclaimers by way of answer of 141 shares, and a refusal of relief to the holders of 218 shares, because of the participation of the owners thereof, in the alleged negligence, and judgment was rendered directly to the owners of the remaining 35 shares for thirty-five one-thousandths of the sum of $109,702.72, apportioning the same ratably among the holders of 35 shares of stock.

The right of the court to render such a personal judgment in an action of this character is predicated largely upon the authority of the case of *People* v. *Ballard* (56 Hun, 125; 134 N. Y. 269). The appellant here assails the power of the court to render such a judgment in a representative action, upon the authority of the case cited, or upon the authority of the settled law in this State.

It is not necessary to sustain the decision of the trial court in this regard in order to affirm the judgment granted, for reasons that will be later pointed out. I incline, however, to the belief that the case cited affords sufficient authority for the rendition of a judgment in this form. Independent of any adjudicated decision, it has the support of an equitable result. If the full demand of the plaintiff were accorded by the judgment, it would result in the payment to the bank of the full sum of $109,702.72, with the resulting benefit of a distribution to all stockholders, in proportion to their stock holdings. In the interest of an equitable result, I can see no sound reason why the court may not, by its judgment, select the parties entitled to benefit by the damages recovered, and

withhold beneficial results from those culpably negligent. This is what has been accomplished by the judgment rendered.

Assuming, however, that the judgment authorized and entered in the first instance was not permitted in a representative action, such as this, yet, in my opinion, the judgment must be sustained.

Upon the rendition of the decision in the case, the plaintiff entered the judgment appealed from, issued execution, collected and has retained the benefits under that judgment and has paid over a portion of the moneys secured thereunder, to a stockholder owning some portion of the thirty-five shares of stock accorded a benefit.

The legal effect of enforcing a judgment upon the right to appeal therefrom in whole or in part, presents the major question argued upon this appeal. It is no doubt the general rule that " 'The issuing of an execution by the appellant upon the judgment rendered in his favor, and the collection of the amount thereof after bringing an appeal therefrom by him, was inconsistent with and a waiver of his right further to prosecute the appeal. By the former he enforced the judgment as a valid judgment and secured to himself the fruits thereof as such. By the latter he seeks wholly to reverse and annul the judgment for error therein. These acts, it is obvious, are wholly inconsistent, the one with the other, and upon principle, it is clear that the same party cannot pursue both.' " (*Goepel* v. *Kurtz Action Co.*, 216 N. Y. 343; *Metropolitan Trust Co.* v. *Long Acre E. L. & P. Co.*, 223 id. 69.)

It is inconsistent for the plaintiff to collect the money awarded as damages and at the same time continue to appeal. The collection and appropriation of the money on the judgment constituted an election and approval of the form of judgment. This is the attitude of the defendants.

To raise this question the respondents have moved to dismiss the appeal, thereby following the practice indicated in *Goepel* v. *Kurtz Action Co.* (*supra*). The appellant argues that in this particular action there is no inconsistency, inasmuch as he should be allowed the benefit of the recovery so far as it is favorable to him and still be permitted to seek further redress by way of appeal for additional benefit to which he claims he is entitled. He cites, among other cases, *Goepel* v. *Kurtz*

*Action Co.* (*supra*) as an authority to sustain his contention. In the *Goepel* case the rule was enunciated that where an action was predicated upon two causes of action, distinct in character, and judgment had been rendered for the plaintiff on one, and his complaint dismissed as to the other, the plaintiff might properly collect his judgment on the one cause of action and still pursue his remedy by appeal as to the second cause of action, and it was held that there was no inconsistency in the pursuit of such a remedy.

In seeking to apply this rule to the present case it should be borne in mind that so far as the liability against Cheetham, Waters and Brandt is concerned, there is no claim that their liability exceeds $109,702.72, the amount of the judgment. The only complaint is that the judgment rendered was a personal judgment to the plaintiff, instead of one to the bank. This being true, the rule of inconsistency pointed out in the *Goepel* case most clearly compels the plaintiff to now acknowledge the propriety of this form of a judgment. It follows that if the judgment conferred the recovery upon the bank for the full amount of the loss, then the plaintiff was not entitled to a personal judgment. He has, however, taken advantage of the personal judgment rendered, and collected the moneys awarded him by it, and now urges upon this appeal that the judgment should have run to the bank for the full amount of the liability. So far as Cheetham, Waters and Brandt are concerned, this effectively disposes of the appellant's contention upon this appeal. There is no claim by the appellant that their liability can exceed the sum of $109,702.72. The findings of the trial court and the judgment rendered thereon, and entered by the plaintiff, settle the limits of their liability. His only complaint being that the judgment should run to the bank for the full amount, instead of running to him personally, and other stockholders similarly situated, for their proportion of the damages assessed. It is the form of the judgment he attacks, and not the amount awarded to the plaintiff, as being less than he would have received, if the entire judgment had been distributed through the bank. He certainly cannot have both remedies. He ratified and confirmed the form of the judgment rendered, and having received benefits under it he is justly concluded from questioning its form or legal effect.

The appeal, so far as the respondents Cheetham, Waters and Brandt are concerned, should be dismissed.

There is in the case the question of the liability of the respondent Rogers for any of the losses sustained by the bank. If the extent of his liability in dollars was coincident with that against the other directors, then the question of his responsibility for negligence would be unimportant, for the reason that the plaintiff has collected and had the full measure of his damage upon a judgment against the other directors of the bank. He cannot be heard to say that he is entitled to enforce the judgment for a double collection of the damages awarded to him through a judgment which he has, both as to form and adequacy, recognized and adopted. In fact, he prepared it and entered it and he is bound by its terms and form, under the rule of the *Goepel* case.

The summarization by the appellant of the total liability claimed against the defendant Rogers aggregates $110,939.85, which exceeds the judgment rendered against the other directors in the sum of $1,237.13. If then, the findings exculpating Rogers from negligence are not well founded, and his negligence has entailed an additional loss of $1,237.13, then the plaintiff is at liberty to complain that he has not had, through the collection made under the judgment against Cheetham, Waters and Brandt, the full amount of damages resulting from Rogers' negligence. He claims, through Rogers' negligence, he sustained damages to the extent of thirty-five one-thousandths of the sum of $1,237.13. If this is true, he can pursue his appeal, without inconsistency, to recover the same.

I have made an effort to discover where this excess of $1,237.13 had its origin and I have been unable to do so. It is not pointed out in the appellant's brief. There seem to be some differences in the computation of interest on losses sustained by the bank, which may account for the charge against the respondent Rogers. If the findings of the trial court exonerating Rogers from all charge of negligence have the required support of evidence, then this small difference fades into insignificance. Rogers is not held liable for any sum. There would be left then only the question whether the judgment against Rogers is against the weight of the evidence.

Mr. Tufts was a director of the bank until January 12, 1915, having been in office since November, 1908. This was a few months before his death. Rogers bought his stock in April, 1914, paying therefor $175 per share. At that time at least nine-tenths of the bad loans complained of had been made, and at the time Rogers became a director all of this indebtedness had accrued except the single item of $6,000, represented by the bills " in transit," so called. Subsequent to Rogers taking office as director, there were, it is true, various renewals of loans and lines of discount, which were the subject of liability against the remaining directors for negligently making the same. It appears, however, that the renewal of this paper indebtedness was from time to time recommended by the bank examiners of the State. In other instances directions were given respecting renewals to one Transue, who was running the bank, by the express orders of the board of directors, including Rogers, and which were violated by Transue and such violation concealed from the directors. There is a charge made, with evidence tending to support it, that Rogers was a member of the discount committee, and hence charged with a duty of special investigation beyond that of the ordinary director. The minutes of the bank books so recite. Rogers denied that he was a member of the discount committee and in this he is corroborated by many circumstances. It is obvious that he did not so understand that such was his official connection with the bank, and that as a result he did not perform or pretend to perform the duties of a member of that committee. The reports of the committee in evidence were not signed by Rogers, but were signed by the other directors, so that it is apparent that the members of the board of directors did not regard Rogers as a member of the discount committee. The trial court has found that Rogers was not a member and that the records of the bank indicating his membership are incorrect. His membership was a fact to be determined upon conflicting evidence, and should not, in my judgment, be disturbed on this appeal.

So far as the renewals of obligations are concerned, a different rule obtains from that in the case of the inception of new indebtedness.

Negligence may, no doubt, be predicated upon the renewal of bank paper, if the circumstances are such as to indicate that to renew was to increase an old hazard or render loss more likely, while prompt action might result in collection. On the other hand, infrequently the enforcement of an obligation under such circumstances must necessarily result in immediate and serious loss. I conclude, therefore, that the question of Rogers' negligence, in connection with the renewals, became one of ordinary judgment and prudence as to whether or not it was best to grant extensions in the hope of ultimate payment, or force immediate collection, with attendant necessary loss. In view of the fact that in several instances extensions were recommended by the bank examiners, I do not think we can say upon this record that the conclusion of the trial court in exonerating Rogers from negligence is not well founded. It was purely a question of fact and it has been resolved in favor of the defendant and, in my judgment, is not against the weight of the evidence requiring a reversal.

There is another view of this situation that ought not to be lost sight of. The only important liability arising during Rogers' regime as a director is the " bills in transit " item. The loss resulting from this item is included in the finding of negligence against the other directors and hence has been liquidated and paid through the collection made by the plaintiff on the judgment against the associate directors of Rogers.

The plaintiff in this case owns 223 shares of the capital stock of the bank. He purchased 50 shares from the Tufts estate for twenty dollars per share. Upon some basis, and after the disappearance of Transue, he acquired 158 shares of the Transue stock. I have not discovered that the evidence discloses the price paid for this stock. It is not however, important. It is sufficient to say it was tainted stock. The trial court has, I believe, correctly held that Tufts and Transue were both culpably negligent in the management of the bank affairs. Upon that basis of fact, if they were not the owners of the stock, they could not receive any benefit under the judgment appealed from. In acquiring this stock from Tufts and Transue the plaintiff acquired no better standing than these two stockholders would have had had they continued to own the stock. The transfer was subject to all existing

equities and the plaintiff necessarily stepped into their shoes and can have no greater right or equity in the fund reclaimed by this action than they could have if they were here pressing this appeal. This leaves 15 shares of the bank stock owned by the plaintiff untainted with the negligent conduct of the former owners. The judgment accords to the plaintiff his exact and full benefit arising from the ownership of the 15 shares mentioned and he is not entitled to any more in any view of the case, Rogers having been exonerated from the charge of negligence.

It appears that prior to the commencement of this action, upon order of the Banking Department, after ascertaining the impairment of capital and surplus, the assessment of one hundred per cent was levied against all stock and was paid to the bank. The moneys thus acquired by the bank were rightfully held by the trial court as no impediment to the maintaining of the action, nor benefit to the culpable defendants.

These conclusions lead to the result that the appeal, in so far as it brings in question the propriety of the rendition of a personal judgment to stockholders, as distinguished from one to the bank, and in so far as it relates to the liability of any defendant, other than Rogers, should be dismissed for the reasons assigned.

The judgment as to the defendant Rogers should be affirmed, with costs.

All concur.

Judgment as to defendant Rogers affirmed, with costs. Appeal dismissed as to the defendants Waters, Cheetham and Brandt, with costs to each of said defendants appearing by separate attorneys.