Scileppi, J,
Plaintiff was hired as General Manager by the defendant T. V. Development Corp. for a five-year period starting in March, 1962, at an annual salary of $20,000. The employment contract contained covenants not to compete and that all inventions by the plaintiff would be assigned to the corporation. The action arises out of defendant’s breach of this employment contract.
In the first cause of action, plaintiff sought to recover money earned but not paid prior to his unlawful discharge in August, 1963; in the second, his prospective salary loss resulting from the wrongful discharge; in the third, damages for malicious interference with his employment contract; and in the fourth, *72 sought to recover a share of the corporate defendant’s profits; stock in defendant’s Colorgrams, Inc.; a declaration that plaintiff was the sole owner of an invention called Colorgrams; and an injunction restraining all of the defendants from using this invention.
The answer contained two counterclaims, one by T. V. Development Corp. for breach of contract; and the other by that corporation, Renrae Corp., Colorgrams, Inc., and Richard Zatzkin for malicious disclosure of damaging, confidential information about the defendants.
The trial court (1) granted plaintiff judgment against T. V. Development Corp. on the first cause of action in the sum of $2,100, and against T. V. Development Corp. on the second cause of action in the sum of $5,000; (2) dismissed the third cause of action; (3) declared plaintiff inventor and sole owner of the product “ Colorgrams ” subject to T. V. Development’s nonexclusive right to practice and use the invention; (4) denied the injunctive relief sought in the fourth cause of action, and (5) dismissed the counterclaims.
The plaintiff appealed, contending that the damages awarded him were inadequate and should be increased from $5,000 to $70,000, the difference representing the salary accruing after the date plaintiff organized his own business venture. The Appellate Division affirmed, acknowledging that, although successful below, plaintiff was still a party aggrieved within the meaning of CPLR 5511; and holding that, once plaintiff formed a corporation to market Colorgrams, he “ removed himself from every field of employment [and] must be deemed to have made an irrevocable election to forego the damages ordinarily recoverable, and he must be deemed to have accepted the profits of his new venture—whether they be more or less — in lieu of his damages and in full satisfaction thereof. The corporation, which must fend off his competition, should not also be required to stand as his surety against any loss thus voluntarily incurred by him. It is quite inequitable, to say the least, to permit him to take all the possible profits of his competitive venture but to have the corporation bear all his possible losses to the extent of the damages to which he otherwise might have been entitled.” (24 AD 2d 471, 474.)