■ GEORGE CARMICHAEL et al., Respondents, v GENERAL ELECTRIC COMPANY et al., Appellants, et al., Defendant. (And Three Other Titles.) — In an action to recover damages for personal injuries, etc., defendants General Electric Company, ESB Incorporated, and New York City Transit Authority and third-party defendant Jandous Electric Construction Corp. appeal from an order of the Supreme Court, Kings County (Bellard, J.), dated March 11, 1983, which, *inter alia,* granted plaintiffs' motion for leave to renew a prior motion, and, upon renewal, restored the action to the calendar and compelled defendants to complete discovery. (The City of New York has withdrawn its appeal from the order.) ¶ Appeal by Jandous Electric Construction Corporation dismissed, without costs or disbursements. ¶ On the appeals by General Electric, ESB

Incorporated and New York City Transit Authority, order affirmed, without costs or disbursements. ¶ Plaintiffs' action was dismissed pursuant to 22 NYCRR 752.2 (c) when they failed to appear at the calendar call on June 21, 1982. Plaintiffs' counsel concedes that "[o]ur calendar watching service did not advise us that the action was scheduled to appear", although he had tried unsuccessfully to keep abreast of the movement of the court calendar through telephone calls to the court clerk. When counsel again called the clerk's office on August 23, 1982, he was informed of the dismissal. ¶ By notice of motion dated September 22, 1982, plaintiffs moved to restore the action to the Trial Calendar. The motion was denied without prejudice to renew on proper papers. Upon renewal, the relief sought was granted on condition that plaintiffs pay costs. ¶ Plaintiffs tendered checks representing payment of costs to defendants on or about April 8, 1983. Defendant General Electric (GE) received a check, retained it for approximately seven months, and then returned it, uncashed, to plaintiffs. Counsel for defendant ESB Incorporated (ESB) has affirmed that "I have searched my file and find no check or draft representing the payment of costs by counsel on behalf of the plaintiffs herein". Counsel for third-party defendant Jandous Electric Construction Corp. (Jandous) affirmed in opposition to a motion by plaintiffs to dismiss the appeals (which this court denied with leave to renew upon the argument or submission of the appeals) that the check payable to it was placed in an escrow account, although the check was indorsed by Jandous without restriction. Plaintiffs now argue that these defendants have waived their right to appeal. We hold that only the appeal of Jandous should be dismissed. ¶ The general rule is that a party who accepts the benefits of an order waives the right to appeal from that order (see *Cohen v Cohen,* 3 NY2d 339; *Metropolitan Trust Co. v Long Acre Elec. Light & Power Co.,* 223 NY 69), since one may not secure the fruits of an order and at the same time seek a review of it (*Matter of Silverman [Hoe & Co.],* 305 NY 13; *Goepel v Kurtz Action Co.,* 216 NY 343; *Bennett v Van Syckel,* 18 NY 481). When costs are imposed as a condition for granting relief, "acceptance" of the costs will be held to waive the right of appeal (see *Gohery v Spartan Concrete Corp.,* 85 AD2d 678, affd 56 NY2d 785; *Mosera v City of New York,* 93 AD2d 833; *N & J Foods v Shopwell Plaza Corp.,* 63 AD2d 899; see, also, 4 NY Jur 2d, Appellate Review, § 110). ¶ Mere retention of a check, without depositing it for collection, does not bar an appeal, however (see *Swanson v Alter,* 5 Misc 2d 523). The benefits of the order were never "accepted" by the defendants, since their checks (assuming ESB received a check) were not cashed (see *American Tel. & Tel. Co. v Walker,* 77 NM 755; *Wheeler & Motter Mercantile Co. v Kitchen,* 67 Okla 131). ¶ Delivery of an uncertified check constitutes only conditional payment, dependent upon the check being honored when presented (see Uniform Commercial Code, § 3-802, subd [1], par [b]; *Mansion Carpets v Marinoff,* 24 AD2d 947). Before presentment, the check vests no title or interest in the payee in the funds on deposit with the bank (see *Attorney-General of State of N. Y. v Continental Life Ins. Co.,* 71 NY 325; *Standard Factors Corp. v Manufacturers Trust Co.,* 182 Misc 701, affd 269 App Div 658) and is "revocable by the drawer, who has the legal control of the moneys to his credit until * * * payment" (*Aetna Nat. Bank v Fourth Nat. Bank,* 46 NY 82, 88; see, also, Uniform Commercial Code, § 3-409). Thus, as GE and ESB have failed to cash the checks, plaintiffs have not demonstrated a course of conduct which is clearly and unequivocally inconsistent with the taking of an appeal (see *Cady v Bradshaw,* 116 NY 188; *Goldstein v Brastone Corp.,* 254 App Div 288, affd 279 NY 775; *Cicero Ind. Dev. Corp. v Roberts,* 63 Misc 2d 565). ¶ A different conclusion is mandated for the appeal by Jandous. It cashed the check and failed to notify plaintiffs that the money was being held in escrow until after plaintiffs made a motion in this court to dismiss these appeals. It is

axiomatic that in order to have a valid escrow agreement under New York law there must be an agreement between the parties as to the subject matter (see *Jackson ex dem. Gratz v Catlin,* 2 Johns 248, affd 8 Johns 520; *Press v Marvalan Inds.,* 422 F Supp 346; *Menkis v Whitestone Sav. & Loan Assn.,* 78 Misc 2d 329; 20 NY Jur [rev ed], Escrow, § 1). In the instant case, however, there was simply no agreement on the part of plaintiffs that the money be held in escrow. Jandous gave no indication prior to plaintiffs' motion to dismiss that the money was being held in escrow, and thus Jandous cannot (and does not) argue that plaintiffs acquiesced in Jandous' attempt to place the money in escrow. Thus, Jandous' appeal must be dismissed. ¶ Turning now to the merits of the appeal of GE, ESB and NYCTA, we find that Special Term properly granted plaintiffs' motion to restore the case to the calendar. In circumstances akin to those at bar, this court has held that: "Plaintiff's motion should have been determined in accordance with the rules of the Supreme Court, Kings County, which govern the opening of defaults in appearance at the call of the calendar (22 NYCRR 752.5) and the restoration of an action to the calendar (22 NYCRR 752.4 [b]). Those rules permit Trial Term, Part I, to open a default in appearance at the call of a calendar and permit the restoration of an action to the Trial Calendar 'upon good cause shown and upon such terms as to costs and upon such other conditions as the court may impose' (22 NYCRR 752.4 [b]; 752.5; cf. 22 NYCRR 675.5). A finding by the court that a default in appearance was attributable to law office failure does not preclude a finding of good cause shown. Evidence indicating that a moving party did not intend to abandon the prosecution of the action and that there is no prejudice to the nonmoving party in the event of restoration, are relevant factors which may be considered in determining whether good cause has been demonstrated" (*Kofman v Consolidated Edison Corp.,* 93 AD2d 831). ¶ In the case at bar, plaintiffs moved promptly to restore the action, and defendants have demonstrated no prejudice. The extensive discovery activity conducted by plaintiffs in 1981 and 1982 is indicative of plaintiffs' intent not to abandon the action. We further note that, since this action was pending in Kings County, pursuant to the rules of the Supreme Court, Kings County, no affidavit of merit was required to restore this action to the Trial Calendar (*Kofman v Consolidated Edison Corp., supra*). In any event, plaintiffs have submitted an adequate affidavit of merit. ¶ We have considered defendants' other contentions and find them to be lacking merit. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.