OPINION OF THE COURT
Alan J. Saks, J.
Defendant’s motion for summary judgment is denied. The facts, as alleged, are as follows:
In 1976 while employed by defendant as a business office supervisor, plaintiff developed a more efficient system for filing shutoff notices for customers who had failed to pay their bills. Plaintiff alleges that she submitted this innovation to defendant for considerations in September 1976 with the expectation of receiving compensation for her effort. She appears not to have been represented by counsel at that time. In January 1977 plaintiff discovered that her idea was being utilized by defendant throughout the New York City metropolitan area and immediately demanded compensation. When defendant refused, plaintiff commenced this action alleging breach of an implied promise to compensate and seeking *745 $11,000,000 in compensatory and punitive damages, as well as injunctive relief.*
Defendant’s motion for summary judgment is grounded in two theories. The first is that, as a matter of law, defendant had the nonexclusive right to use plaintiff’s idea under the "shop right” rule. (United States v Dubilier Condenser Corp., 289 US 178 [1933].) The Dubilier requirements for a shop right are: "where a servant [who is not hired to invent] during his hours of employment, working with his master’s materials and appliances, conceives and perfects an invention for which he obtains a patent, he must accord his master a non-exclusive right to practice the invention.” (United States v Dubilier Condenser Corp., supra, at p 188.) Nowhere in the record of the case at bar does defendant allege that plaintiff created her system during working hours or with defendant’s materials. In the absence of such evidence, New York courts have traditionally denied an employer any rights to the employee’s creation under the "shop right” rule. (Cornell v T. V. Dev. Corp., 41 Misc 2d 628, affd 24 AD2d 471, revd on other grounds 17 NY2d 69.) The fact that the improved method was eventually used along with defendant’s other procedures is irrelevant in light of defendant’s failure to contribute any time, money or labor at any stage prior to the actual application of the method by defendant. (Doscher v Phelps Guardant Time Lock Co., 89 Misc 561 [Sup Ct 1915], affd 172 App Div 954, affd 224 NY 718.)
Inasmuch as a motion for summary judgment searches the record (CPLR 3212 [b]) this court holds, as a matter of law, that upon the trial of this action, defendant will be precluded from maintaining a "shop right” theory and plaintiff is granted summary judgment in that respect.
Defendant’s second theory for this motion is that a timely, express demand for, or promise of, compensation is a sine qua non element for plaintiff to sustain her cause of action. The question appears to be one of first impression in this State. Compare, Dewey v American Stair Glide Corp. (557 SW2d 643 [Mo App 1977]) wherein the employee disclosed the idea to his employer on a Friday but only demanded compensation the following Monday. There it was held that the employer, not *746 having relied to its detriment on the absence of a demand for compensation, could not assert that plaintiff had waived his right to the same. Although Dewey could be interpreted as implying that the question of compensation must be raised expressly at some time before the employer adopts the idea for the employee to recover, this court has found no case which so holds and defendant cites no case in support of that theory. (Cf. Deane v Hodge, 35 Minn 146, 27 NW 917 [1886].)
Furthermore, defendant has not come forth with any specific proof of prejudice arising from the absence of a demand and the court finds no evidence of any prejudice to the defense against liability in this action. Therefore, this court cannot rule as a matter of law that, absent a prior express demand, plaintiff is precluded from maintaining her cause of action.
Moreover, even if this court were to rule that plaintiff must prove a demand for compensation prior to the application of her idea by defendant as an essential element of her cause of action, this court cannot rule as a matter of law that plaintiff’s alleged demand for compensation in January 1977, when she discovered that her idea was being used by defendant, was so unreasonably late as to bar recovery. In fact, defendant’s own representative testified at an examination before trial that in plaintiff’s office the new system was not used by defendant until the first half of 1977, precisely the same time that plaintiff alleges that she demanded compensation.
Defendant contends that although plaintiff was not hired to invent per se, part of her duties was to make suggestions and that her performance was rated on her ability to innovate and improve job performance. Moreover, defendant also contends that at no time was plaintiff promised any sort of compensation for her idea and plaintiff did not submit her suggestion to defendant in any form other than as a gratuitous gift, without any expectation of compensation. (See, Osborn v Boeing Airplane Co., 309 F2d 99 [9th Cir 1962].) There are, however, numerous situations in which a transaction has been found to be "instinct with an obligation,” although none may have been expressed. (See, Calamari & Perillo, Contracts § 4-20 [2d ed].) In the leading case of Wood v Duff-Gordon (222 NY 88 [1917], rearg denied 222 NY 643 [1918]) the plaintiff sued Lady Duff-Gordon for breach of a written agreement pursuant to which she had granted him an exclusive right to place her indorsement on fashion designs. She contended that she was not bound because of lack of consideration, since the written agreement did not contain any promise on plaintiff’s part. The *747 Court of Appeals, noting that plaintiff had an organization adapted to performing an exclusive agency and that it was in his self-interest to carry out the agreement, inferred his promise to use reasonable efforts to place her indorsements and market her designs, stating: "The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view to-day. A promise may be lacking, and yet the whole writing may be 'instinct with an obligation’ imperfectly expressed * * * If that is so there is a contract.” (Wood v Duff-Gordon, supra, at pp 90-91.)
Although Wood involved a situation where the plaintiff’s promise was inferred to supply consideration for the defendant’s promise, whereas the instant case is one in which the plaintiff seeks to infer the defendant’s promise itself, the principle remains generally valid. Thus, the court hereby holds that an employer’s promise to compensate an employee for a valuable inventive idea may be inferred from all of the surrounding circumstances. An employer’s motion for summary judgment should not be granted on this theory (absence of demand for or promise of compensation) unless it is clear, as a matter of law, that a reasonable employer could only have understood the employee to be making a gift for the purpose of ingratiating oneself, i.é., "apple polishing.”
However, the record in this case clearly establishes that plaintiff was made aware that her idea was being submitted to the Methods Department of defendant and that the Methods Department was responsible for any compensation that might be due plaintiff for her idea. Under these facts, this court cannot find as a matter of law that plaintiff could not reasonably have anticipated payment or that she intended to confer a gratuity on defendant for the sole purpose of improving her job rating with defendant. (See, Schott v Westinghouse Elec. Corp., 436 Pa 279, 259 A2d 443 [1969].)
Accordingly, defendant’s motion for summary judgment is denied in this respect as well. Plaintiff has evidenced to this court a basis to maintain a cause of action for unjust enrichment based on a quasi-contract theory.

 As originally commenced in Supreme Court, this action sought equitable relief and money damages. It was transferred to this court of limited jurisdiction over a year ago pursuant to CPLR 325 (d) and plaintiff has not moved for retransfer. It can thus only be assumed that plaintiff intends to abandon the demands for equitable relief.