■ WILLIAM HARRIS et al., Respondents, v MORRIS RESNIKOFF et al., Appellants, et al., Defendant.—In a medical malpractice action to recover damages for personal injuries, etc., the defendants Resnikoff and Breitman appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), entered September 11, 1984, as conditionally denied their motion for summary judgment, and (2) from a further order of the same court, entered September 21, 1984, which denied their motion for reargument.

Appeals dismissed, with one bill of costs.

This medical malpractice action was commenced in December 1980 by service of a summons and complaint. Issue was joined in January 1981.

The appellants served a demand for a bill of particulars with their answer. When the plaintiffs failed to comply, the appellants moved for an order of preclusion. By an order dated February 29, 1984, made on consent, Special Term (Goldstein, J.), granted preclusion unless the plaintiffs provided a bill of particulars "within 60 days after service of a copy of this order". The plaintiffs served a bill of particulars by mail on June 9, 1984, the sixty-first day after service of the order, and addressed it to the former offices of the appellants' attorneys. The appellants thereafter moved for summary judgment contending that the plaintiffs were now precluded from making out a prima facie case owing to the preclusion order. The plaintiffs cross-moved to be relieved of their default on the ground that said default was excusable, but submitted no affidavit of merit.

By order entered September 11, 1984, Special Term (Graci, J.), denied both the motion and cross motion for summary judgment on condition that within 10 days after service of a copy of the order upon them, the plaintiffs served a bill of particulars and the plaintiffs' attorneys paid to the appellants the sum of $250 as and for costs and disbursements.

The plaintiffs' attorneys tendered a check representing payment of the costs and disbursements to the appellants, which

check was negotiated. Thus, the plaintiffs now argue that the appellants have waived their right to appeal. We hold that the appeal with respect to the order, entered September 11, 1984, should be dismissed. As was stated in *Carmichael v General Elec. Co.* (102 AD2d 838, 839): "[A] party who accepts the benefits of an order waives the right to appeal from that order (see *Cohen v Cohen,* 3 NY2d 339; *Metropolitan Trust Co. v Long Acre Elec. Light & Power Co.,* 223 NY 69), since one may not secure the fruits of an order and at the same time seek a review of it *(Matter of Silverman [Hoe & Co.],* 305 NY 13; *Goepel v Kurtz Action Co.,* 216 NY 343; *Bennett v Van Syckel,* 18 NY 481). When costs are imposed as a condition for granting relief, 'acceptance' of the costs will be held to waive the right of appeal (see *Gohery v Spartan Concrete Corp.,* 85 AD2d 678, affd 56 NY2d 785; *Mosera v City of New York,* 93 AD2d 833; *N & J Foods v Shopwell Plaza Corp.,* 63 AD2d 899; see, also, 4 NY Jur 2d, Appellate Review, § 110)".

Further, the appeal from the order entered September 21, 1984 must be dismissed as no appeal lies from an order denying reargument. Mollen, P. J., Lazer, Kunzeman and Kooper, JJ., concur.