■ In the Matter of the Estate of PHILIP FLEISCHER, Deceased. JANET F. BENAVIDES, Appellant; ROBERT F. FLEISCHER, Respondent.—Main, J. Appeal from a decree of the Surro-

gate's Court of Otsego County (Kepner, Jr., S.), entered August 21, 1985, which disposed of decedent's estate pursuant to decedent's written instructions.

Decedent died intestate on January 23, 1977 survived by his two children, petitioner and respondent herein. He left behind written instructions for disposal of his estate. Although these instructions purported to be a will, they bore only one witnessing signature and thus could not be admitted to probate. Petitioner, a resident of Texas at the time of decedent's death, renounced her right to letters of administration and respondent thereafter was granted letters of administration. It appears from the record that some of decedent's estate was distributed in accordance with decedent's written instructions.

Petitioner left Texas in 1980 and moved into decedent's former home in the town of Milford, Otsego County. In November 1981, she petitioned Surrogate's Court to compel respondent to render an accounting of the estate. Respondent then petitioned Surrogate's Court for a judicial settlement of the estate, contending that petitioner and respondent had agreed that the estate be distributed in accordance with decedent's instructions and that such distribution had been done. After respondent filed an accounting, petitioner interposed objections to the accounting and requested that respondent be surcharged, the accounting not be approved, the estate be distributed in accordance with the laws of descent and distribution, and a constructive trust be imposed on respondent for money he received from timber he sold.

Following a hearing, during which a supplemental accounting was rendered, Surrogate's Court found that, at a meeting at the office of the estate's attorney shortly after decedent's death, petitioner and respondent entered into a "family agreement" by which they would follow decedent's written instructions. The court further found that petitioner had not agreed to variations from the instructions as claimed by respondent and that respondent could not properly account for all estate funds due to commingling, and ordered respondent to make certain distributions to petitioner and to decedent's grandchildren in order to comply with the terms of the instructions. Finally, the court determined that decedent's out-of-State real property should pass by descent and distribution and that respondent should have a right-of-way on land which petitioner had been granted as a life estate pursuant to decedent's instructions, as interpreted by the court.

Petitioner's primary contention on this appeal is that Surro-

gate's Court erred in finding that petitioner and respondent entered into a family agreement. A question which must be addressed first, however, is whether petitioner has waived her right to challenge that finding by accepting certain distributions made by respondent in accordance with the written instructions, as he was ordered to do by the court. Although ordinarily a party accepting the benefits of a judgment waives his right to subsequently appeal that judgment *(see, Matter of Silverman [Hoe & Co.], 305 NY 13, 16-17)*, there are exceptions to this rule, such as where the purpose of the appeal is to increase the amount of the judgment *(see, Cornell v T. V. Dev. Corp., 17 NY2d 69, 73)*. We note that this proceeding does not fit neatly into either the rule or the exceptions to the rule, inasmuch as it involves distribution of an estate rather than a simple money judgment. At any rate, we find this appeal to be proper. Any awards which have been made to petitioner pursuant to the so-called "family agreement" are worth less than the one-half share of decedent's estate to which she would be entitled if the estate passed by descent and distribution. Since it appears to be undisputed that petitioner is entitled to at least that part of the estate promised her under the written instructions, and since she is seeking an increased share of the estate, we do not believe that petitioner has waived her right to appeal this issue.

On the merits of the issue, we find that Surrogate's Court improperly ordered decedent's estate to be distributed according to the written instructions. As a general rule, family settlements of intestate estates are favored by the courts, since they tend to preserve family harmony and avoid the expense of litigation *(see generally, Family Settlement of Intestate Estates,* Ann., 29 ALR3d 174 § 3). Further, it is not necessary for a family settlement to approximate the distribution which would be had under the laws of descent and distribution *(id.,* at § 7). However, a family agreement will not be permitted to stand where persons standing in a fiduciary relationship to a beneficiary, who encourage the beneficiary to enter into a family settlement, fail to completely divulge material facts, circumstances and issues of law pertinent to the beneficiary's decision *(see, Matter of Patten,* 252 App Div 807, *affd* 277 NY 525; *Family Settlement of Intestate Estates,* Ann., 29 ALR3d 174 § 18). Here respondent, administrator of the estate, and the attorney for the estate owed petitioner a fiduciary duty, since she was a beneficiary of the estate. The testimony at the hearing does not reveal that either respondent or the estate's attorney properly informed petitioner of

all the pertinent facts she needed to know in order to enter a family settlement. Indeed, respondent himself testified that at the time he and petitioner allegedly entered into the family agreement, he was unaware that he and his sister would be entitled to share equally in decedent's estate in the absence of a valid will. Further, the estate's attorney never indicated that he advised petitioner of her right to one half of the estate and was not completely certain that he had advised petitioner that decedent's written instructions could not be probated. At best, it appears that petitioner made an uninformed decision to follow decedent's instructions, apparently not believing that she had any choice in the matter and not knowing that under the laws of descent and distribution she would be entitled to one half the estate. Accordingly, even accepting the finding of Surrogate's Court that there was a family agreement, we find that the family agreement should not stand due to the violation of the fiduciaries' obligations to petitioner and that decedent's estate should instead pass by descent and distribution.

With respect to petitioner's claim that respondent should have been surcharged for commingling funds and other acts of misconduct, we note that such a surcharge ordinarily would be appropriate under circumstances such as those present here (cf. *Matter of Etoll,* 101 AD2d 935, 936). However, as Surrogate's Court noted, the record contains no evidence whatsoever of the loss sustained by the estate as a result of respondent's improper actions, and the accounting which respondent made was rejected. Thus, there is no basis for calculating a surcharge (see, id.). Accordingly, we find no error in the refusal by Surrogate's Court to surcharge respondent.

Two issues remain: whether respondent should be required to repay to the estate the commission he took for himself and whether an injunction barring respondent from lumbering decedent's land should be continued. Because of our determination that decedent's estate should pass by descent and distribution rather than under the family agreement, we believe that these issues should be addressed by Surrogate's Court.

Decree modified, on the law and the facts, without costs, by reversing so much thereof as ordered distribution of decedent's estate in accordance with the terms of decedent's written instructions; distribution of decedent's estate ordered according to the statutory rules of descent and distribution and matter remitted to the Surrogate's Court of Otsego County for further proceedings not inconsistent herewith; and,

as so modified, affirmed. Kane J. P., Main, Casey, Yesawich, Jr., and Levine JJ., concur.