■ DONALD T. PHILLIPS, Appellant, v ANNE PHILLIPS, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County

(Winick, J.), dated January 12, 1990, as awarded the defendant wife nondurational maintenance of $600 per week, and denied his request for credits against certain maintenance arrears.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The trial court did not improvidently exercise its discretion in awarding the wife, who was 49 years old at the time of trial, nondurational maintenance of $600 per week. During the parties' 29-year marriage, she worked as a homemaker, and sacrificed her career to bearing and raising the parties' three children and assisting her husband in obtaining his law degree and promoting his career as an attorney. Since the early 1980's, the husband's annual earnings have exceeded $100,000, and at the time of trial approached $200,000, in addition to substantial fringe benefits. In contrast, the wife with her limited training and experience, earned only $15,400, with little apparent likelihood that her salary will increase to a point where she will become self-supporting *(see, Reingold v Reingold,* 143 AD2d 126; *Ruvolo v Ruvolo,* 133 AD2d 364; *Murphy v Murphy,* 110 AD2d 688) or enable her to enjoy a lifestyle similar to that enjoyed during the marriage.

Moreover, the husband is not entitled to credits for mortgage, taxes, and insurance payments made pursuant to the pendente lite award in computing arrears due the wife resulting from the trial court's determination which increased maintenance from $300 to $600 per week. The pendente lite order required that the husband pay maintenance and child support, and, in addition, in a separate provision, to pay mortgage, taxes and insurance. The judgment increased maintenance payments, making no reference to any of the defendant's other pendente lite obligations. Prior to that determination the parties entered into a stipulation settling issues of equitable distribution. That stipulation provided that the marital residence would be distributed to the wife, and that the husband would continue to pay the mortgage until satisfied. It is clear, therefore, that the parties intended the husband's exclusive obligation to make mortgage payments, as set forth in the pendente lite award, to continue. That obligation was incorporated into the parties' stipulation. No reasonable interpretation of the court's final determination would justify crediting mortgage payments paid pursuant to the pendente lite award against maintenance arrears. Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.