■ JOANNE ELIAS, Respondent, v FRANK E. ELIAS, Appellant.—Case held, decision reserved and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant appeals from so much of a judgment of divorce as made an equitable distribution of the marital estate and obligated him to pay $300 per month as

child support. Following entry of the judgment, defendant conveyed his interest in two parcels of real property awarded him by the court as a portion of his distribution of the marital estate. By accepting and disposing of the property, defendant is precluded from contesting on appeal the equitable distribution provisions of the judgment *(see generally,* Annotation, *Spouse's Acceptance of Payments Under Alimony or Property Settlement or Child Support Provisions of Divorce Judgment as Precluding Appeal Therefrom,* 29 ALR3d 1184, 1206-1209).

The parties stipulated before trial that defendant would pay child support for the one remaining unemancipated child consistent with the statutory guidelines *(see,* Domestic Relations Law § 240 [1-b] [b] [3]). In determining defendant's share of the basic child support obligation *(see,* Domestic Relations Law § 240 [1-b] [f]), the court failed to determine the amount of the parties' combined parental income *(see,* Domestic Relations Law § 240 [1-b] [c] [1]). Because the record is insufficient to support any determination of combined parental income, we remit the matter to permit the court to receive additional evidence and to make such determination. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Equitable Distribution and Support.) Present—Boomer, J. P., Pine, Lawton, Fallon and Doerr, JJ.