(June 20, 1994)

■ JOSEPH ALEXSEY et al., Appellants-Respondents, v JOAN L. KELLY et al., Respondents-Appellants. [614 NYS2d 734] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (Brucia, J.), entered February 21, 1991, which, *inter alia,* denied their motion for partial summary judgment, and the defendants cross-appeal from so much of the same judgment as dismissed their third counterclaim.

Ordered that the order and judgment is modified, on the law, with costs, by (1) adding thereto a provision directing the defendants to pay the plaintiffs $39,600 in brokerage commissions as well as $2,640 in real estate transfer taxes, representing expenses that the plaintiffs incurred as a direct consequence of the defendants' breach of a real estate contract, with interest from April 18, 1989, when title to the property passed to the defendants, and (2) deleting therefrom so much of the fifth decretal paragraph as granted that branch of the defendants' cross motion which was to dismiss the plaintiffs' second cause of action, and substituting therefor a provision denying that branch of the cross motion and reinstating the second cause of action; as so modified, the order and judgment is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

We find without merit the defendants' contention that upon accepting payment and issuing a full satisfaction of judgment for payment of back rents, the plaintiffs extinguished the instant cause of action and relinquished their right to appeal. Although as a general rule a party who accepts the benefit of a judgment waives the right to appeal from it *(see, Carmichael v General Elec. Co.,* 102 AD2d 838), "[t]here is nothing inconsistent in a party's accepting the benefit of a judgment * * *

and appealing in an attempt to increase the award" *(Cornell v T.V. Dev. Corp.,* 17 NY2d 69, 73; *see also, Matter of Silverman [Hoe & Co.],* 305 NY 13; *Norton & Seigel v Nolan,* 276 NY 392; *Keremelis v Albany Pearl Taxi,* 274 App Div 360).

The plaintiffs have submitted uncontroverted evidence that they expended $39,600 in broker's fees and $2,640 in real estate transfer taxes in the course of effectuating, on April 18, 1989, a transfer of their property to the defendant buyers pursuant to a direction in an order of the Supreme Court, Nassau County, dated March 9, 1989, who were at the time in breach of the contract of sale. As there is nothing in the record to support the conclusion of the Supreme Court that the plaintiffs would have sold their property to other buyers, and would have incurred these costs in any event, these expenses are damages payable by the defendants. We further conclude that paragraph 9 of the Rider to the contract, which gave the plaintiffs the option to withhold the down payment as liquidated damages or to pursue the defendants for consequential damages, does not act as a bar to this recovery.

Drawing all inferences liberally in favor of the pleader *(see, Guggenheimer v Ginzburg,* 43 NY2d 268; *Katz v American Tech. Indus.,* 96 AD2d 932), we determine that the plaintiffs adequately pleaded a cause of action sounding in abuse of process *(Hornstein v Wolf,* 109 AD2d 129, *affd* 67 NY2d 721; *Molinoff v Sassower,* 99 AD2d 528). That cause of action is therefore reinstated, and the action is remitted to the Supreme Court, Nassau County, for further proceedings with respect to it. The defendants' similar counterclaim, however, was properly dismissed, as the mere commencement of a judicial proceeding does not constitute abuse of process *(see, Sokol v Sofokles,* 136 AD2d 535).

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.