■ NATALIE ROFFEY, Respondent, v DAVID ROFFEY, Appellant. [630 NYS2d 114] —Spain, J. Appeals (1) from a judgment of the Supreme Court (Tait, Jr., J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered April 8, 1994 in Chenango County, upon a decision of the court, and (2) from an order of said court, entered August 16, 1994 in Chenango County, which held defendant in contempt for his willful failure to perform the terms and directions of a judgment of divorce.

In 1967 the parties were married; they moved to New York in 1971 and settled in Chenango County where defendant began a veterinary practice. The success of his practice led to the creation of an animal embryo transplant business and other related ventures. In 1985 defendant sold his veterinary practice and in 1988 he purchased an asbestos removal business. He then left plaintiff and the marital residence and moved to Syracuse to manage the new business. This matrimonial action was commenced by plaintiff in 1992. Throughout their 27-year marriage, the parties cooperated in the operation of the various ventures. Plaintiff, a college graduate who worked as a schoolteacher for only one year, became a full-time mother and homemaker who also, in some measure, contributed directly to the business ventures. The parties enjoyed a comfortable lifestyle including vacations and expensive cars as well as private schooling and college educations for their two children. After a nonjury trial Supreme Court, by judgment entered April 8, 1994, granted a divorce to

plaintiff on stipulated grounds and ordered, *inter alia*, equitable distribution including a distributive award of $250,000 payable over a period of 10 years and nondurational maintenance in the amount of $1,500 per month. Defendant appeals.

Thereafter, in July 1994, plaintiff moved for an order holding defendant in contempt of court for allegedly violating several aspects of the judgment. Supreme Court granted plaintiff's motion, holding defendant in contempt and imposing certain conditions in order for defendant to purge himself of the order of contempt. Defendant also appeals from that order. This Court granted defendant's motion to consolidate the appeals. After the appeals were perfected, plaintiff moved to dismiss defendant's appeals on the ground that, by accepting and disposing of benefits distributed to him in the equitable distribution award, defendant waived his right to appeal.

Supreme Court, as part of its equitable distribution, awarded defendant, *inter alia*, a sailboat valued at $7,000 and three corporations through which he operated the asbestos removal business. Within a short time after filing his notice of appeal, defendant traded-in the sailboat for a larger boat. Additionally, before the commencement of the October 1993 trial, defendant merged two of the three corporations eventually awarded to him by Supreme Court; to wit, Upstate Asbestos Services, Inc., valued by Supreme Court at $280,782, and Upstate Amalgamated Services, Inc., valued by Supreme Court at $96,000, which were merged into a new corporation named Upstate Environmental Services Inc. Information concerning the value, ownership and control of this new corporation was not disclosed during the trial.

It is a general rule of law that the right to appeal from a judgment or order may be waived or relinquished by acceptance of a benefit under such judgment or order. The rationale behind this principle is that one may not receive the benefits of a judgment or order and at the same time challenge it by seeking appellate review (*see, Cohen v Cohen*, 3 NY2d 339, 346). The basis for the rule lies in the concern that the appellant's appeal may lead to a result showing that he or she is not entitled to that which he or she has already received (*see,* 4 Am Jur 2d, Appeal and Error, § 251, at 746). Therefore, if the outcome of the appeal could have no effect on the appellant's right to the benefit he or she accepted, its acceptance should not preclude the appeal (*see, id.,* § 253, at 748). "There is nothing inconsistent in a party's accepting the benefit of a judgment * * * and appealing in an attempt to increase the award" (*Cornell v T. V. Dev. Corp.*, 17 NY2d 69, 73; *see, Alexsey v Kelly*, 205 AD2d 649, 650).

Plaintiff asserts that by trading in his boat and merging the corporations, defendant "received the benefits" of the judgment he is appealing from. In *Elias v Elias* (187 AD2d 999), the Fourth Department held that the husband, by accepting and disposing of two parcels of real estate awarded to him as part of his share of the equitable distribution of the marital estate, was "precluded from contesting on appeal the equitable distribution provisions of the judgment" (*supra*, at 1000; *see, Harris v Resnikoff*, 118 AD2d 622).

In reviewing awards of equitable distribution, the authority of the Appellate Division is as broad as that of the Trial Judge (*see, Majauskas v Majauskas*, 61 NY2d 481, 493-494). By appealing, defendant has opened for review the award of all assets under Supreme Court's equitable distribution judgment and his appeal, therefore, could result in a significant redistribution of the marital assets, including assets defendant has already received and converted (*compare, Matter of Fleischer*, 126 AD2d 805, 807). Because he has accepted and disposed of the sailboat and because he has accepted and transformed two of the three marital corporations into a single new corporation, defendant has put the property disposed of out of the reach of the court should a different equitable distribution formula be determined appropriate. It is significant that in this particular case there was very little liquidity among the marital assets. We conclude that defendant should be precluded from contesting on appeal the equitable distribution provisions of the judgment. Accordingly, plaintiff's motion to dismiss that portion of the appeal is hereby granted. While it is not necessary to discuss the merits of defendant's objections to Supreme Court's award of equitable distribution, we nevertheless conclude, after a thorough review of the record in this case, that defendant's contentions are without merit and that Supreme Court did not abuse its broad discretion; Supreme Court's award should not be disturbed (*see, Majauskas v Majauskas, supra*, at 493-494).

Defendant further contends that Supreme Court erred in awarding plaintiff nondurational maintenance; we conclude that defendant's contention is without merit despite the fact that plaintiff actually sought a durational award. Plaintiff, who was 51 years of age at the time of the trial, testified that she planned on returning to school to become a physical therapist, requiring at least five years of additional education, with admirable expectations of becoming self-supporting. Supreme Court appropriately determined that her ambitions were unrealistic, it being unlikely that plaintiff, even if she

were to attain her goal of entering the work force for the first time in 35 years at age 57 as a physical therapist, could ever be completely self-supporting (*see, Phillips v Phillips*, 182 AD2d 746). Under the circumstances of this case a durational limitation on maintenance would have been inappropriate (*see, Zelnik v Zelnik*, 169 AD2d 317, 333-334). All of the appropriate statutory factors were considered by Supreme Court, including the marital standard of living as well as plaintiff's and defendant's income and future earning capacity. The record amply supports Supreme Court's finding that plaintiff subordinated a professional career in teaching to raise the children and to assist defendant in his lucrative veterinary practice and business ventures (*see, Phillips v Phillips, supra*, at 747). Accordingly, we will not disturb the nondurational maintenance award of $1,500 per month (*see, Vicinanzo v Vicinanzo*, 193 AD2d 962, 966).

Further, we also find support for Supreme Court's conclusion that the obligations imposed by the court cannot be enforced pursuant to Domestic Relations Law §§ 243 and 244, a prerequisite to enforcement by contempt proceedings, especially in light of the fact that defendant has already heavily encumbered his assets to the extent that a money judgment is of little or no value (*see*, Domestic Relations Law § 245). However, Supreme Court erred in concluding that no factual issue existed regarding defendant's ability to pay the distributive award installment due July 1, 1994. This Court has noted that the most relevant evidence is that which is probative of defendant's current ability to pay (*see, Bowie v Bowie*, 182 AD2d 1049, 1051). Defendant's documentation in response to plaintiff's motion clearly establishes negative net profits for his only known business enterprise together with a recent denial of additional financing. In spreading out the distributive award over 10 years, Supreme Court acknowledged that defendant's assets were nonliquid. The strong possibility that defendant is presently unable to produce a lump-sum payment of $25,000 has been sufficiently raised in his papers and mandates a hearing (*see, supra*, at 1050).

It is clear that the condition in the contempt order requiring defendant to release plaintiff from all liability to National Bank and Trust is necessarily contingent upon plaintiff first conveying her interest in the encumbered property to defendant. As to the remaining provisions of the contempt order, we conclude that defendant's longstanding noncompliance (*see, Bowie v Bowie, supra*, at 1050-1051) and Supreme Court's familiarity with defendant's course of conduct (*see, Bell v Bell*,

181 AD2d 978, 979) justify holding defendant in contempt and imposing certain conditions in order for defendant to purge himself of the contempt order. Accordingly, we reverse so much of the contempt order which held defendant in contempt for willful failure to make the distributive award payment and the purge conditions relating to the distributive award should be stayed pending the hearing. Furthermore, the purge conditions relating to the release of plaintiff from the National Bank and Trust liabilities should also be stayed until plaintiff first conveys her interest in the encumbered property to defendant.

We have considered all remaining contentions and assertions raised by defendant and find them to be without merit.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that plaintiff's motion to dismiss defendant's appeal with respect to Supreme Court's equitable distribution award is granted. Ordered that the judgment is affirmed, without costs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as held defendant in contempt for willful failure to make the distributive award payment; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered the purge conditions of the order relating to the distributive award and to the release of plaintiff from the National Bank and Trust liabilities are hereby stayed pending further action by the Supreme Court not inconsistent with this Court's decision.