■ MID-STATE PRECAST SYSTEMS, INC., Appellant, v CORBETTA CONSTRUCTION COMPANY, INC., et al., Respondents. (And a Third-Party Action.) [635 NYS2d 362] —White, J. Appeals (1) from a judgment of the Supreme Court (Coutant, J.), entered July 13, 1994 in Broome County, which, upon remittal from this Court, determined the date for the computation of prejudgment interest, and (2) from the modified judgment entered thereon.

In modifying plaintiff's judgment relating to payment for its work on the headquarters building of Union Carbide Corporation, this Court determined that plaintiff was entitled to prejudgment interest from the date defendant Corbetta Construction Company, Inc. received its final payment from Union Carbide (202 AD2d 702, *lvs dismissed* 84 NY2d 923, 86 NY2d 855). The matter was remitted to Supreme Court for the determination of the singular issue of the date of that final payment. Contending that prejudgment interest was not due from such date, plaintiff sought to establish that prejudgment interest was due from a series of earlier dates, essentially rearguing the determination previously made by this Court (*see, supra*). Supreme Court, limiting itself to the sole issue on remittal, found the date of the final payment to be September 20, 1982 and granted relief accordingly. Plaintiff appeals, contending that it was entitled to prejudgment interest for time periods prior to the final payment.

These appeals must be dismissed. On June 30, 1994, a week after entry of the modified judgment on June 22, 1994 and two weeks prior to the service and filing of its notice of appeal, plaintiff accepted payment in full of the judgment from defendant Aetna Casualty and Surety Company Inc., executed an unqualified satisfaction of the judgment against Aetna, and unconditionally assigned to Aetna all of its interest in the judgment against Corbetta. Plaintiff retained no rights in the matter (*see, Aetna Cas. & Sur. Co. v McCullough*, 41 AD2d 161). Accordingly, plaintiff is not an aggrieved party within the purview of CPLR 5501 and 5511, and therefore lacks standing to appeal (*see, Langeloth Found. v Dickerson Pond Assocs.*, 149 AD2d 408). Having accepted the full benefits of the judgment, plaintiff is precluded from subsequently appealing therefrom (*see, Goepel v Kurtz Action Co.*, 216 NY 343, 346; *see also, Matter of Silverman [Hoe & Co.]*, 305 NY 13; *Carmichael v General Elec. Co.*, 102 AD2d 838, 839).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the appeals are dismissed, with costs.