■ PETER S. WILLIAMS, Appellant, v SCOTT HEARBURG, Individually and Doing Business as McDONALD'S RESTAURANT, et al., Respondents. [665 NYS2d 760] —White, J. Appeal from a judgment of the Supreme Court (Dwyer, Jr., J.H.O.), entered September 11, 1996 in Albany County, upon a verdict rendered in favor of plaintiff.

At the conclusion of the trial of this negligence action, the jury apportioned liability at 85% for plaintiff and 15% for defendants and awarded plaintiff $47,500, including $40,000 for lost wages. Defendants paid the resulting $9,476.65 judgment and obtained a satisfaction of judgment from plaintiff. Plaintiff now appeals.

Inasmuch as the general rule is that a party may not appeal

where he or she has accepted the benefits of a judgment (*see, Mid-State Precast Sys. v Corbetta Constr. Co.*, 223 AD2d 776, 777), the immediate issue is whether plaintiff may pursue this appeal. An exception to the general rule has been crafted which permits an appeal where the appellant is merely attempting to increase the award (*see, Roffey v Roffey*, 217 AD2d 864, 865). This exception appears to be limited to those instances where the appellant's right to the amount awarded by the original judgment is absolute, making it possible to obtain a more favorable judgment without the risk of a less favorable result upon retrial (*see, Cornell v T. V. Dev. Corp.*, 17 NY2d 69, 73; *Matter of Silverman [Hoe & Co.]*, 305 NY 13, 17-18; *see also*, 5 Am Jur 2d, Appellate Review, § 631, at 315). We have applied the exception in a Surrogate's Court proceeding where the judgment awarded less than one half of the appellant's distributive share (*see, Matter of Fleischer*, 126 AD2d 805, 807). We have observed that an appellant may pursue an appeal in a negligence action where the defendants obtained an order pursuant to CPLR 2601 (a) (*see, Relyea v State of New York*, 59 AD2d 364, 367). Also, where a party obtains a judgment on one theory but not on another theory, he or she may accept the benefit of one and appeal the other, provided there is no possibility that the outcome of the appeal will affect the cause of action for which the benefit has been accepted (*see, Alexsey v Kelly*, 205 AD2d 649, 649-650).

Plaintiff maintains that this case should fit within the above exceptions since he is only appealing those rulings and findings that affected the amount of the judgment he received. Aside from the fact that the acceptance of this argument would undoubtedly result in the negation of the general rule since every appeal could be framed within these terms, we do not concur with plaintiff because he did not have an absolute right to the damages he received and, upon retrial, it is possible that he could obtain a less favorable judgment since the amount of damages in a negligence action rests within the discretion of the trier of fact (*see, Cochran v A/H Battery Assocs.*, 909 F Supp 911, 917). We note that this analysis applies even if plaintiff's appeal is limited to his claim for lost wages since his recovery of such damages depends upon the jury's evaluation of the extent of his disability. Therefore, we conclude that the general rule applies and, accordingly, dismiss the appeal.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the appeal is dismissed, without costs.