# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1078
CA 16-00075
PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

RAYMOND T. WEBBER AND DUANE WEBBER,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

LEE WEBBER AND GERALD T. FILIPIAK,
DEFENDANTS-RESPONDENTS.

HARTER SECREST & EMERY LLP, BUFFALO (JOHN G. HORN OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (JENNIFER C. PERSICO OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (Timothy J. Walker, A.J.), entered August 18, 2015.
The order and judgment awarded money damages to plaintiff Raymond T.
Webber upon a nonjury verdict.

It is hereby ORDERED that said appeal insofar as it concerns that
part of the order and judgment awarding $50,442 as a principal amount
is unanimously dismissed, and the order and judgment is modified on
the law by awarding plaintiff Raymond T. Webber interest on that
principal amount at a rate of 3.25% from June 3, 2013 to August 18,
2015, and awarding $23,295 to plaintiffs on the conversion cause of
action, and as modified the order and judgment is affirmed without
costs.

Memorandum: Raymond T. Webber (plaintiff) and defendants, Lee
Webber and Gerald T. Filipiak, formed Eagle Crest Manufactured Homes
Park, Inc. (Eagle Crest) in order to purchase land and to develop a
manufactured home park. Each of them owned one-third of the
corporation. When Eagle Crest sold the original manufactured home
park in 2001, the three shareholders decided to reinvest the proceeds
in other commercial real estate projects. To manage the properties
they acquired, they created four separate limited liability companies
(LLCs), each of which was wholly owned by Eagle Crest, but managed by
the individual shareholders for their own benefit. In 2002, plaintiff
and defendants entered into a shareholder agreement which provided,
inter alia, that each of the properties would be managed by the
shareholder who selected it. Plaintiff and defendants executed an
amendment to that agreement in 2004, which was intended to address and
rebalance certain tax consequences among the shareholders. In 2007,
plaintiff and defendants entered into a new agreement, thereby

cancelling the 2002 agreement with its 2004 amendment. The 2007 agreement provided, inter alia, that Eagle Crest, through its four subsidiary LLCs, would hold title to each of the properties as a nominee for the three Eagle Crest shareholders. It further provided that Eagle Crest's accountant would provide a yearly schedule of the shareholders' income tax liability, and that the shareholders would pay their obligations under that schedule within 10 days of receipt. If a shareholder did not pay his obligation in a timely fashion, Eagle Crest was permitted to pay it out of his distributions. In addition, any shareholder owed an obligation by another shareholder could also commence legal action for the amount of the obligation, plus 12% yearly interest and "costs of collection including reasonable attorney's fees." On June 3, 2013, defendants resigned as officers and directors of Eagle Crest, leaving plaintiff as its sole owner.

Plaintiff and Duane Webber, an assignee of plaintiff's rights and interests in the various agreements, commenced this action. The second amended complaint alleges four causes of action: breach of the 2002 agreement, as amended in 2004; breach of the 2007 agreement; an accounting; and conversion. A nonjury trial was held and, at the close of plaintiffs' proof, defendants moved for a directed verdict on the issues of attorney's fees, interest, and capital expenses, arguing that plaintiffs had failed to meet their burden of proof. Supreme Court reserved decision. Five days after the trial ended, the court granted defendants' motion for a directed verdict. Plaintiffs thereafter filed a motion for leave to reargue the directed verdict determination. Before the court issued the order embodying its decision on the motion for a directed verdict, the court informed the parties by way of an email that it had sua sponte reconsidered its decision in the course of preparing the final written decision and order, and that plaintiffs' motion for leave to reargue the directed verdict determination would be moot as a result. The court subsequently issued a decision and order awarding plaintiff $994,390, which is comprised of the stipulated $943,948 amount due under the 2007 agreement plus $50,442 that the court determined to be owed under the 2002 agreement, as amended in 2004. The court also awarded statutory interest of 9% on the 2007 portion of the award and determined that plaintiffs "shall have no recovery on their remaining claims." Plaintiffs filed the judgment and, after defendants paid the judgment amount, filed the satisfaction of judgment, and they thereafter appealed.

We note at the outset that part of plaintiffs' appeal is barred by plaintiffs' acceptance of payment of the judgment and their issuance of a satisfaction of judgment. "As a general rule, a plaintiff may not appeal after accepting payment of a judgment" (*Kriesel v May Dept. Stores Co.*, 261 AD2d 837, 837). "Where . . . , however, the outcome of the appeal could have no effect on the appellant's right to the benefit he or she accepted, its acceptance should not preclude the appeal" (*id*. at 837-838 [internal quotation marks omitted]). " 'This exception appears to be limited to those instances where the appellant's right to the amount awarded by the original judgment is absolute, making it possible to obtain a more favorable judgment without the risk of a less favorable result upon

retrial' " (*id*. at 838).  Here, plaintiffs seek an increase in the judgment amount in several areas where they were denied relief completely, i.e., capital expenditure costs, attorney's fees, consequential damages, contractual interest, and damages associated with defendants' alleged conversion.  In our view, however, plaintiffs' contention on appeal that the award of $50,442 as a principal amount pursuant to the 2002 agreement, as amended in 2004, was inadequate is barred by the general rule prohibiting an appeal from a satisfied judgment.  Although the other areas of appeal are discrete, severable, and incapable of reduction, plaintiffs' contentions concerning the $50,442 award as a principal amount rely on an assessment of competing expert evidence that lies within the discretion of the factfinder, and could theoretically, based on the evidence in the record, result in a less favorable judgment (*see Williams v Hearburg*, 245 AD2d 794, 794-795, *lv denied* 91 NY2d 810; *Roffey v Roffey*, 217 AD2d 864, 865-866).  We therefore dismiss that part of the appeal involving the $50,442 as a principal amount.

Moving to the merits, we note that it is well established that, "[o]n appeal from a judgment entered after a nonjury trial, this Court has the power to set aside the trial court's findings if they are contrary to the weight of the evidence and to render the judgment we deem warranted by the facts . . . That power may be appropriately exercised, however, only after giving due deference to the court's evaluation of the credibility of witnesses and quality of the proof . . . Moreover, [o]n a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (*Black v State of New York* [appeal No. 2], 125 AD3d 1523, 1524-1525 [internal quotation marks omitted]).

Contrary to plaintiffs' contention, we conclude that a fair interpretation of the evidence supports the court's determination that plaintiffs were not entitled to capital expenditure costs under the 2007 agreement.  " '[C]ourts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include' " (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475).  Here, there is no reference to capital expenditure costs in the 2007 agreement, and any interpretation of the 2007 agreement that is dependent on language from the 2002 agreement cannot be, as plaintiffs claim, an unambiguous interpretation (*see Kass v Kass*, 91 NY2d 554, 566-567; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163).

We agree with plaintiffs that the court's initial decision to grant defendants' motion for a directed verdict was effectively reversed by the court's later decision to deem that application moot and to award, inter alia, statutory interest on the portion of the award concerning the 2007 agreement.  We further agree with plaintiffs that the court erred in failing to add interest to the principal of the award made pursuant to the 2002 agreement, as amended in 2004. Although the 2002 agreement did not include any language addressing interest, the 2004 amendment provided that, when Eagle Crest dissolved, the shareholders would be responsible to "settle up the tax

cost or benefit at a rate of 50% of the tax differentials on a cumulative basis from inception," and the funds would be treated as shareholder distributions, paid within five years, and subject to interest "at the prevailing prime rate."  Based on that plain language, the court erred in failing to grant interest on the $50,442 principal of the award for breach of the 2002 agreement, as amended in 2004.  We therefore modify the order and judgment by adding 3.25% interest on that portion of the award, from the date of Eagle Crest's dissolution, June 3, 2013, until the entry of judgment on August 18, 2015.  We reject plaintiffs' related contention, however, that they are entitled to contractual interest of 12% under the 2007 agreement along with attorney's fees.  The court's conclusion that the parties, through their actions, either modified or waived the provisions concerning interest and attorney's fees in the 2007 agreement is supported by a fair interpretation of the evidence (*see generally Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104; *Estate of Kingston v Kingston Farms Partnership*, 130 AD3d 1464, 1465).  Although "waiver 'should not be lightly presumed' and must be based on 'a clear manifestation of intent' to relinquish a contractual protection" (*Fundamental Portfolio Advisors, Inc.*, 7 NY3d at 104), there was little dispute at trial that plaintiff was fully aware that the relevant provisions of the 2007 agreement were not being followed.

We agree with plaintiffs that there is no fair interpretation of the evidence that would permit the court to deny all relief on their conversion cause of action.  Upon our review of the record, we conclude that defendants provided no explanation for an Eagle Crest check drafted by defendant Filipiak, and deposited on October 21, 2013, four months after the resignation of defendants from Eagle Crest.  The check was made out to "Hunter Creek Plaza LLC," the LLC jointly controlled by defendants, in the amount of $23,295.  We therefore further modify the order and judgment by awarding $23,295 to plaintiffs.  We reject plaintiffs' remaining contentions with respect to their claims of conversion inasmuch as the court's determination not to award damages on those claims is supported by a fair interpretation of the evidence (*see Black*, 125 AD3d at 1524-1525).

We reject plaintiffs' further contention that the court abused its discretion in denying their motion to amend the complaint.  Plaintiffs sought to amend their complaint for a third time just two months prior to trial and failed to offer any reason why they did not seek to add a new plaintiff when they amended the complaint for the second time just four months earlier (*see generally Jablonski v County of Erie*, 286 AD2d 927, 928).  Contrary to plaintiffs' contention, the court did not err in failing to award consequential damages inasmuch as any demand for such damages was absent from the operative pleading at the time of trial and, in any event, plaintiffs offered no proof at trial and made no request in their proposed findings of fact regarding such damages.

Finally, defendants' various requests to this Court for relief are not properly before us inasmuch as they failed to take a cross appeal (*see Baker v Levitin*, 211 AD2d 507, 508; *Monte v DiMarco*, 192

AD2d 1111, 1113, *lv denied* 82 NY2d 653; *see generally Parochial Bus. Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546).

Entered:  December 23, 2016                          Frances E. Cafarell
                                                     Clerk of the Court