P62 LLC v WFP Retail Co. L.P. (2021 NY Slip Op 01146)





P62 LLC v WFP Retail Co. L.P.


2021 NY Slip Op 01146


Decided on February 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 23, 2021

Before: Kapnick, J.P., Webber, Mazzarelli, Oing, JJ. 


Index No. 650649/18 Appeal No. 13190 Case No. 2020-03171 

[*1]P62 LLC Formerly Known as 225 Liberty LLC, Plaintiff-Respondent,
v
WFP Retail Co. L.P., Defendant-Appellant.
WFP Retail Co. L.P., Third-Party Plaintiff-Appellant,
v
Ibrahim Merchant Also Known as Abraham Merchant, et al., Third-Party Defendants-Respondents.


Greenberg Traurig, LLP, New York (Kenneth A. Philbin of counsel), for appellant.
Alonso Andalkar & Facher, P.C., New York (Mark J. Alonso of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered July 13, 2020, which denied defendant/third-party plaintiff WFP Retail Co. L.P.'s motion for summary judgment, unanimously modified, on the law, to grant summary judgment to WFP as to liability on its counterclaim for unpaid rent and third-party claim for liability under the guaranty, to dismiss plaintiff's third (estoppel), sixth (accord and satisfaction), and seventh (payment) affirmative defenses to the counterclaims, to dismiss third-party defendants' eighth affirmative defense of lack of privity to the third-party claims, and otherwise affirmed, without costs.
The motion court properly denied summary judgment to defendant to dismiss plaintiff's claim for breach of the parties' option agreement, in light of the questions of fact related to defendant's acceptance of payments while plaintiff was purportedly in default, defendant's failure to take any steps to enforce the 2014 default notice in the four years before plaintiff brought this action, and defendant's purported refusal to communicate with New York City authorities in order to receive payment. Because the determination of which party bears the ultimate responsibility for these circumstances, and therefore whether plaintiff was in fact in default under the option agreement, cannot be resolved on summary judgment, that part of the motion court's order is affirmed (Comtesse Suzanne De Paris v Women's Natl. Republican Club, Inc., 148 AD3d 401, 403 [1st Dept 2017]).
We modify, however, to grant summary judgment as to liability to defendant on its first counterclaim and first third-party claim for unpaid rent under the relevant leases and guaranties, as plaintiff and third-party defendants do not dispute that there is outstanding unpaid rent under the leases, which were subject to express guaranties by third-party defendants (Gansevoort 69 Realty LLC v Laba, 130 AD3d 521 [1st Dept 2015]). To the extent questions of fact remain, as discussed above, that will affect the amounts due and the question of when, if at all, prejudgment interest would accrue (CPLR 5001), such factual disputes can be resolved at trial. As to its counterclaim and third-party claim for attorneys' fees, the motion court properly denied summary judgment, as an award of attorneys' fees must await a determination of which party, if any, is the prevailing party at trial (25 E. 83 Corp. v 83rd St. Assoc., 213 AD2d 269, 269 [1st Dept 1995]).
To the extent still relevant to the amounts owed on the counterclaim and third-party claim for unpaid rent, we also find that the motion court should have dismissed plaintiff's affirmative defenses to the counterclaims based on accord and satisfaction and payment, as there is no indication in the record that plaintiff intended its partial payments to fully satisfy its rental arrears (Complete Messenger & Trucking Corp. v Merrill Lynch Money Mkts., 169 AD2d 609, 610-611 [1st Dept 1991]), and plaintiff's tender of [*2]checks for the remaining balance were ultimately rejected by defendant's bank (Carmichael v General Elec. Co., 102 AD2d 838, 839 [2d Dept 1984]). The court also should have dismissed plaintiff's estoppel defense, as there is no allegation that defendant affirmatively misled plaintiff (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 106 [2006]). The motion court also should have dismissed the guarantors' affirmative defense of lack of privity to the third-party claims, as the written guaranties were set forth in a binding, written contract (Gansevoort, 130 AD3d 521).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2021